AMBROSE MERRILL *versus* JOEL How & al.

Where one receives his property again, which had been unlawfully taken from him, he is considered as having received it in mitigation of damages, upon the principle, that he has thereby received a partial compensation for the injury suffered.

But in such case he cannot be required to deduct from the amount of the injury suffered beyond the benefit received; and when he has honestly and in good faith paid a sum of money to regain his property, that sum is first to be deducted from the value of the property received back.

THE District Judge, REDINGTON, at the trial, instructed the jury, that if the defendants took the horse wrongfully, and delivered it to a person of their own selection, who knew that it was not their property, under the expectation, that he would not deliver it to the owner until its keeping was paid for by him, and the keeper, with the knowledge and consent of the defendants, sold the horse, the defendants had exposed themselves to pay the value of the horse to the plaintiff; that the plaintiff, by taking the horse back, had not cut off his right of action; that the taking back of his property was to go in mitigation of damages; and that the jury should allow him reasonable damage for the wrongful taking and detention. The verdict was for the plaintiff, and the defendants filed exceptions.

*Bradbury & Rice* argued for the defendants, citing 3 Hill, 485; Yelv. 66; 2 Com. on Con. 151; 14 Maine R. 436; 2 Kent, 242; 3 Bac. Abr. 669.

*Wells* and *H. W. Paine* argued for the plaintiff, and cited 2 Ld. Raym. 166; Yelv. 67, note; 14 Pick. 356; 17 Pick. 1; 10 Johns. R. 176; 13 Maine R. 245.

The opinion of the Court was by

SHEPLEY J. —The only question presented in this bill of exceptions has reference to the amount of damages, which the plaintiff is entitled to recover in an action of trespass, for taking and carrying away his horse. It appears, that the defendant, Howe, as a constable for the town of Nobleborough, took the horse on an execution in favor of the other defendant against the plaintiff, and went with the horse into the

adjoining town of Newcastle, and put it up at an inn, directing it to be kept there until sold on the execution, where it remained twenty-two or three weeks; that execution was subsequently returned unsatisfied; and a new suit, against the plaintiff and a trustee, was commenced, and the debt was collected. No person appearing to pay the expense of keeping the horse, the innkeeper advertised and sold it at auction, and the plaintiff, through an agent, appears to have become the purchaser, paying as the price the amount claimed for keeping, and the expenses. In defence it is contended, that as the plaintiff has received his horse again, he can recover only the damages suffered from the taking and from the withholding of the use of him. And it is said, that the sale was illegal; that no property passed by it; and that the payment was a voluntary one.

When one receives his property again, which has been unlawfully taken from him, he is considered as having received it in mitigation of damages. This is upon the principle, that he has thereby received a partial compensation for the injury suffered. It would be unjust to permit him to recover for the whole injury suffered, without deducting the benefits received by a return of the property. But upon no principle can he be required to deduct from the injury suffered beyond the amount of the benefit received. Hence it is, that when he has honestly and in good faith paid a sum of money to regain his property, the benefit received by its return is but the value of the property, deducting the amount so paid to regain it. And if he might have obtained possession again by a suit at law without such payment, the wrongdoer cannot insist, that he should be subjected to the risk, expense and delay of a suit. He would be entitled to regain his property with as little delay, expense, or risk as possible. The verdict appears to have been found substantially in conformity to these principles. It is not therefore necessary to inquire, whether there was not any legal duress or constraint upon the plaintiff, when he paid the expense of keeping by a purchase of his horse.

*Exceptions overruled.*