## CHARLES B. GILMAN *versus* ALBEN EMERY.

When the owner of a shade tree finds another's horse hitched to it, he may immediately remove him to a place of safety; and such removal will not be a trespass.

In order to sustain exceptions to the refusal of a presiding Judge to allow an amendment to a writ, the bill of exceptions must show that he ruled, as matter of law, that the proposed amendment was one which could not be allowed.

ON EXCEPTIONS.

TRESPASS to recover damages to plaintiff's horse and wagon.

It appeared that the plaintiff started with his brother to drive two heifers, from his stable, in Waterville, to another town.   As they were passing defendant's premises, leading

plaintiff's horse attached to his wagon, and driving the heifers, one of the latter turned and ran back. Whereupon, the plaintiff hitched his horse to a shade tree, twenty-two inches in diameter, standing upon the defendant's premises, but within the limits of the highway, and went back for his heifer. The defendant seeing plaintiff's horse so hitched, removed him and hitched him to a post a few feet from the tree. When the plaintiff was returning for his horse, some twenty minutes afterwards, he saw his horse running through the streets, with halter dragging, and the wagon broken. There was no evidence as to the precise manner in which the defendant hitched the horse, or as to how he was freed from the post.

Plaintiff moved to amend by adding a count alleging a wrongful taking by the defendant, a negligent use and control of said horse and wagon, whereby they became injured and unfit for use. The presiding Judge overruled the motion, and ordered a nonsuit, and the plaintiff alleged exceptions.

*E. F. Webb,* for the plaintiff,

On the question of amendment, cited *Moulton* v. *Smith,* 32 Maine, 410; *Moulton* v. *Witherell,* 52 Maine, 237; R. S. c. 82, § 13.

Upon the question of nonsuit, 1 Hilliard on Torts, chap. 111, § 6; *Laflin* v. *Willard,* 16 Pick., 64; *Tuttle* v. *Walker,* 46 Maine, 280; *Harvey* v. *Dunlap,* Hill & Denio, 193; *Wright* v. *Gray,* 2 Bays, 464; *Gibbs* v. *Chase,* 10 Mass., 128; 15 Barb., (N. Y.,) 210. Use of ways, hitching, &c., Angell on Highways, § 312; 3 Scam., (Ill.,) 520; 12 Ill., 29; 3 Yerg., (Tenn.,) 390; Angell on Highways, § 227.

*Reuben Foster,* for the defendant.

Every interference with the goods of another is not a trespass. 2 Greenl. on Ev., § 622; Chit. on Pl., 172, note; *Cary* v. *Little,* 6 N. H., 213; *Humphrey* v. *Douglass,* 10 Vt., 71; *Wheeldon* v. *Lowell,* 50 Maine, 504; Public's

rights in a highway, *Stackpole* v. *Healey*, 16 Mass., 33; 3 Kent's Com., 533, note a; *Ibid*, 532, note c.

WALTON, J. — Travellers have no right to hitch horses to shade trees. It is well known that most horses have a propensity to gnaw whatever they are hitched to. Hitching posts of the hardest wood have to be capped with iron or they are soon so badly gnawed as to be ruined. Too many beautiful shade trees, planted at great expense and watched for many years with anxious care, have been destroyed by having horses hitched to them, not to know that the practice is exceedingly dangerous. When, therefore, the owner of a shade tree finds a horse hitched to it, he may immediately remove him to a place of safety, and such removal will not be a trespass.

In this case the defendant found a horse hitched to one of his shade trees. He unhitched him and led him a few feet and hitched him to a post set in the ground on purpose to hitch horses to. This was not an act of trespass, and probably the plaintiff would not have complained of it, but for the fact that his horse afterwards broke loose from the post and ran away and broke his wagon. But there is no evidence that the defendant did not use ordinary care in hitching the horse, and the plaintiff's writ does not charge him with negligence; it simply charges him with trespass *vi et armis*, in taking and carrying away the horse, buggy, &c.

The presiding Judge, being of opinion that the action could not be maintained, ordered a nonsuit, to which the plaintiff excepted. We cannot doubt that the nonsuit was rightly ordered.

The plaintiff moved for leave to amend his declaration by inserting a new count charging the defendant with negligence in not hitching the horse securely. Leave was not granted. To this refusal the plaintiff also excepted. Exceptions do not lie to the refusal of a Judge to allow an amendment, unless the bill of exceptions show that he

ruled, as matter of law, that the proposed amendment was one which could not be allowed. The bill of exceptions does not show that he so ruled in this case. It is to be presumed therefore that he ruled, as matter of discretion, not to allow the amendment, because under the circumstances justice would not in his opinion be thereby promoted. To such a ruling, as before stated, exceptions do not lie; and it is not important to determine whether the proposed amendment was one which could legally be made or not.

*Exceptions overruled.*

APPLETON, C. J., CUTTING, DICKERSON, BARROWS and TAPLEY, JJ., concurred.