MORGAN AXFORD v. SALMON S. MATHEWS.

*Trover for goods seized—Possession by mortgagee.*

An assignee cannot bring trover against the United States Marshal for goods taken by him from the possession of mortgagees holding adversely to the assignee, whatever may be the right thereto as between the marshal and the mortgager.

In trover for goods claimed by different persons, it is for the jury to decide from whose possession they were taken.

Possession by a mortgagee of chattels will not be assumed to be unlawful as against the mortgager's assignee, for the purpose of reversing a judgment against the assignee in an action of trover brought by him against an officer who had levied upon them.

Error to Oakland. Submitted April 13. Decided April 21.

TROVER. Plaintiff brings error.

*Wisner & Speed* for plaintiff in error. The relative rights of the parties to a chattel mortgage before foreclosure, when the mortgagee is in possession, are governed by the law of bailment, *Van Brunt v. Wakelee* 11 Mich. 177; *Flanders v. Chamberlain* 24 Mich. 305; *Lucking v. Wesson* 25 Mich. 445; *Kohl v. Lynn* 34 Mich. 360; *Haynes v. Leppig* 40 Mich. 606; except as against the mortgagee the mortgager has the right of possession, *Cram v. Bailey* 10 Gray 88; a bailee can maintain action against a stranger for injuring or converting the property, Story on Bailments § 352; Edwards on Bailments §§ 38, 104; 2 Greenl. Ev. § 637; *Smith v. Jones* 7 Conn. 378; *Middlesworth v. Robinson*, Wright (O.) 552; and recovery by either bailor or bailee will deprive the other of the right to recover, *Treadwell v. Davis* 34 Cal. 606.

*Griffin & Dickinson* for defendant in error.

GRAVES, J. As United States marshal the defendant in error seized a quantity of goods under attachments, and the plaintiff in error being assignee of the attachment debtors for the benefit of their creditors, brought trover. The verdict went in favor of the marshal.

It was made a question on the trial whether the plaintiff had such possession or right of possession as entitled him to sue in trover, and the case is now to be decided according to the answer which should be given.

Some time prior to the assignment the assignors had mortgaged their stock, and in the course of a day or two after the assignment the mortgagees took steps to get possession under the mortgages, and to dispossess the plaintiff who was in as assignee. As a consequence, the possession in point of fact became disputed, and each side claimed to be in. During this controversy the marshal levied the attachments. The facts were somewhat equivocal as to whether the agents of the mortgagees or the plaintiff were in possession on these occa-

sions, and the circuit judge very correctly left it to the jury, and in view of the instructions it is a necessary inference that they found the agents of the mortgagees were in. He also instructed the jury to the effect that in case the mortgages were good and valid, and the agents of the mortgagees were in possession and holding the property under the mortgages when the attachments were levied by the marshal, the assignee could not maintain the action.

Under these instructions the jury must have found that the possession was actually in the agents of the owners of valid mortgages made by the assignors prior to the title of the plaintiff, and that such possession was held under such mortgages, and was adverse and not in subordination to the later title conferred on the plaintiff by the assignment.

There is no pretense that the right to seize and hold possession under the mortgages was not complete as against the plaintiff. On the contrary, the bias of the evidence is towards the fact that it was, and the record contains nothing different. But in any event the court would not assume that the taking and holding by virtue of the mortgages were not lawful, in order to make out error in the record. By necessary construction the possession and right of possession, as against the plaintiff, were in the mortgagees, and of course the implication is unavoidable on the facts that the plaintiff was not in actual possession and had no right immediately to take possession. His position did not bring him within the law of trover and the remedy was not applicable. The view taken by the circuit judge of the law arising on the facts was correct. The right as between the marshal and the mortgagees was not involved. Cooley on Torts 445; and see *Grove v. Wise* 39 Mich. 161; *Winship v. Neale* 10 Gray 382; *Lord v. Price* L. R. 9 Exch. 54; 8 Eng. 505. In the last case the plaintiff had bought a quantity of cotton and paid part of the purchase price, but the property remained in the vendor's hands, subject

to his lien for the amount left unpaid, and a wrong-doer converted part of it. In denying the right of the buyer to maintain trover against him, the court observed that the right of possession was in the vendor, so that in case of non-payment, at the proper time, of the amount unpaid, he might re-sell the goods and repay himself for any loss sustained on the resale. That assuming the goods to have been tortiously removed without the assent of the vendor, the latter might have maintained trover for the same things, and "it cannot be that two men can be entitled, at the same time, to maintain an action of trover for the same goods."

No error is shown, and the judgment should be affirmed with costs.

The other Justices concurred.