WALTER R. McPHETERS and others, *vs.* EDWIN J. PAGE.

Penobscot. Opinion March 24, 1891.

*Trover. Conversion. Agent and Servant.*

In an action of trover, it is no defense that the defendant acted as the agent or servant of another who was himself a wrong-doer.

Any act of dominion wrongfully exerted over property in denial of the owner's right, or inconsistent with it, amounts to a conversion.

Nor is it necessary to constitute a conversion that the wrong-doer has applied the property to his own use; if he has exercised such dominion over it, it will in law amount to a conversion whether it be for his own use or another person's use.

ON REPORT.

The case is stated in the opinion.

*Jasper Hutchings*, for plaintiffs.

Counsel cited: *Cram* v. *Thissell*, 35 Maine, 86; Cooley's Torts. pp. 127, 448; *Kimball* v. *Billings*, 55 Maine, 147; *Galvin* v. *Bacon*, 11 *Id.* 28; *Burditt* v. *Hunt*, 25 *Id.* 419.

*Barker, Vose and Barker*, for defendant.

Defendant an innocent bailee. One who receives goods in his possession and control, knowing that they were not lawfully in the possession of the person who brought them to him, and afterwards allows them to be taken away by the same person, is not thereby guilty of a conversion. *Loring* v. *Mulcahy*, 3 Allen, 575; *Polley* v. *Lenox Iron Works*, 2 *Id.* 182; *Smith* v. *Colby*, 67 Maine, 171; *Burditt* v. *Hunt*, 25 *Id.* 419; *Fifield* v. *R. R.* 62 *Id.* 77; *Leonard* v. *Tidd*, 3 Met. 6. Counsel also cited: *Nanson* v. *Jacob*, 3 Am. State Rep. 536; *Hale* v. *Ames*, 15 Am. Dec. 151, and notes.

FOSTER, J.  Trover to recover the value of one carcass and two saddles of deer.

It is admitted that the deer were lawfully killed by the plaintiffs and that they owned the carcass and saddles for which this suit is brought.

The only question involved is whether there has been a conversion of the property by the defendant.

The carcass and saddles were, during open season, put on board the cars to be transported to Boston for sale.  Upon their arrival at Bangor, they were seized by a constable and two police officers for some supposed violation of law on the part of the plaintiffs, in attempting to transport them out of the state.  They were taken and carried by these officers to the defendant's meat market in the city, and there left with him.  He knew the officers' possession came by seizure.  The officers had no precept and procured none either against the property or the plaintiffs.  They were not justified in seizing them, or in afterwards doing what they did with them.  Nor have we any doubt that the acts of the defendant with reference to the property in question amounted to a conversion.  The evidence is uncontradicted that he skinned the carcass and saddles, cut them into steaks and roasts, let one of the officers "have paper to do the pieces up to distribute them round to his friends," and sent a few of the orders out with his own team.  This he admits.  He used none of the meat himself; neither was any of the meat sold.

The defendant sets up no justification by his pleading.  It would not avail him were he to do so with the facts before us. Notwithstanding he may have acted as the agent or servant of the officers in what he did, it furnishes him no legal justification. "It is no defense to an action of trover that the defendant acted as the agent of another.  If the principal is a wrong-doer, the agent is a wrong-doer also."  *Kimball* v. *Billings*, 55 Maine, 147, 151.

It is established as elementary law by well-settled principles, and a long line of decisions, that any distinct act of dominion wrongfully exerted over property in denial of the owner's right, or inconsistent with it, amounts to a conversion.  It is not

necessary to a conversion that it be shown that the wrong-doer has applied it to his own use. If he has exercised a dominion over it in exclusion, or in defiance of, or inconsistent with, the owner's right, that in law is a conversion, whether it be for his own or another person's use. Cooley on Torts, 448 ; *Webber* v. *Davis,* 44 Maine, 147, 152 ; *Miller* v. *Baker,* 1 Met. 27 ; *Fernald* v. *Chase,* 37 Maine, 289. "He who interferes with my goods, and without any delivery by me, and without my consent, undertakes to dispose of them, as having the property, general or special, does it at his peril to answer me the value in trespass or trover." *Gibbs* v. *Chase,* 10 Mass. 125, 128.

In this case the defendant was more than a mere naked bailee. He exercised a dominion over the property destructive of it, and inconsistent with the plaintiff's ownership. The fact that he was the servant of others who were themselves wrong-doers, and acted under their authority, can not avail him though he may have been ignorant of their want of title to the property in question. *Kimball* v. *Billings, supra ;* *Coles* v. *Clark,* 3 Cush. 399, and cases there cited. *Hoffman* v. *Carow,* 22 Wend. 285 ; *Gilmore* v. *Newton,* 9 Allen, 171 ; *Freeman* v. *Underwood,* 66 Maine, 229, 233.

The stipulation of parties has settled the amount of damages to be recovered.

> *Judgment for the plaintiffs for $43.73,*
> *with interest thereon from the date*
> *of the writ.*

PETERS, C. J., LIBBEY, EMERY, HASKELL and WHITEHOUSE, JJ., concurred.