McGRAW *v.* SAMPLINER.

WILE *v.* SAME.

1. Trover by Mortgagee—Right to Possession.
   A second mortgagee cannot maintain trover against an attaching creditor of the mortgagor, who took the goods from the possession of the first mortgagee, where the latter has not waived his rights, nor the second mortgagee become subrogated thereto.

2. Trover—Return of Property—Mitigation of Damages.
   In trover against an attaching officer, the fact that, before the commencement of suit, the goods had been returned to the person who was in lawful possession of the same at the time of the seizure, may be shown in mitigation of damages.

Error to Gratiot; Daboll, J. Submitted November 5, 1895. Decided November 19, 1895.

Separate actions of trover by Alexander C. McGraw and others, copartners, doing business as A. C. McGraw & Company, and Julian M. Wile and Simon Stern, surviving partners of the firm of Wile, Stern & Company, against Adolph W. Sampliner and others. From a judgment for plaintiffs in each action, defendants bring error. Reversed.

*Kelly S. Searl* and *Byron H. Sawyer*, for appellants.

*Sloman, Groesbeck & Robinson (George P. Stone,* of counsel), for appellees.

McGrath, C. J. In December, 1892, Herman Alpern gave to Bertha Hill a mortgage upon his stock of merchandise for $3,000. He afterwards gave five other chattel mortgages upon the same stock, one of which ran to A. C. McGraw & Co. and another to Wile, Stern & Co. These five mortgages were expressly made subject to the Bertha Hill mortgage. Defendants, creditors

of Herman Alpern, on the 19th day of December, 1892, attached the stock, subject to all the mortgages except that given to Bertha Hill, claiming that the Hill mortgage was fraudulent and void. When the officer undertook to make the levy, he found Bertha Hill in possession, but, upon demand made, possession was surrendered to the sheriff, who made the inventory. After the completion of the same, Bertha Hill demanded the goods, but the officer refused to surrender them. Plaintiffs also demanded them, but the officer offered to allow them to have joint possession, but would not surrender possession, or agree that, if the goods were sold, he would allow them to be taken from the store. Afterwards the attachment was dissolved, and on February 11, 1893, the goods were returned to the possession of Bertha Hill, and notice thereof was given to plaintiffs. Five days after the surrender of the goods, as aforesaid, plaintiffs brought trover against the creditors so levying the attachment, joining the sheriff as a defendant.

It is a well-settled rule that, to entitle a party to maintain trover, he must have had either actual possession of the property, or the immediate right to the possession. The sheriff had taken the goods from the possession of the first mortgagee. As against her, plaintiffs did not have the right of possession. She had not waived her right, but, on the contrary, was present, demanding a return of the property. Plaintiffs had not, by payment of the first mortgage, or payment of the amount into court to await the result of that suit, acquired the right to possession. The officer, upon the dissolution of the attachment, properly delivered the goods to the first mortgagee, who alone had the right to possession, and he could not have done otherwise. Until the first mortgage had been declared invalid, or plaintiffs had satisfied that lien, their interest in the property did not entitle them to possession. The wrongful seizure did not divest the first mortgagee of the right of possession, or transfer that right to plaintiffs. The case comes within the

rule laid down in *Axford* v. *Mathews*, 43 Mich. 327. There the officer attached the goods in the hands of the mortgagee, and the assignee of the mortgagor brought trover, and it was held that the remedy was not applicable.

The officer returned the property to the person from whom taken, who is conceded to have been lawfully in possession at the time when so taken. While that, of itself, may not be a bar to the action, yet the fact may be shown in mitigation of damages, which in such case would be nominal only, unless injury to the property, or, possibly, by reason of the detention, be shown. *Watson* v. *Coburn*, 35 Neb. 492; *Farr* v. *State Bank of Phillips*, 87 Wis. 223.

The judgment is reversed, and judgment here for defendants, with costs of both courts.

The other Justices concurred.