## ISHII TSURU *v.* C. BAYER AND HAWAIIAN SUGAR COMPANY, LIMITED.

### No. 1252.

EXCEPTIONS FROM CIRCUIT COURT FIFTH CIRCUIT. HON. C. S. FRANKLIN, JUDGE.

SUBMITTED NOVEMBER 26, 1920.          DECIDED DECEMBER 18, 1920.

COKE, C. J. KEMP AND EDINGS, JJ.

TROVER AND CONVERSION—*demand when necessary.*

In actions of trover the general rule recognized by all of the authorities is that where the original taking is lawful and there has been no illegal assumption of ownership or illegal user a demand and refusal must be shown as evidence of a disposition to convert to the holder's own use or to divest the true owner of his property.

SAME—*demand when not necessary.*

Where the taking itself is wrongful or where there is an illegal assumption of ownership or an illegal user a demand and refusal need not be proved.

SAME—*conversion defined.*

Any distinct act of dominion wrongfully exerted over one's property in denial of his right or inconsistent with it is a conversion.

SAME—*trover and replevin distinguished.*

In the common law action of trover the plaintiff seeks solely the recovery of damages for the conversion of his property and the action is thus distinguishable from an action of replevin in which the primary relief sought is recovery of the specific prop-

Opinion of the Court.

erty in question though by statute damages based on the value of the property, if its return cannot be obtained, may be recovered.

SAME—*effect of return or offer to return property.*

As a general rule an offer to return property wrongfully converted is not admissible even in mitigation of damages, but where the conversion is technical, inadvertent or the result of a mistake and the property is still in *status quo* an offer to return it may be shown in mitigation of damages.

SAME—*measure of damages.*

In this class of cases the measure of damages ordinarily would be the fair reasonable value of the property at the time of the conversion. If the plaintiff has accepted the return of the property this would not bar an action for conversion but would mitigate the damages and fix the measure thereof at the reasonable value of the property at the time of the conversion less its value when returned.

OPINION OF THE COURT BY COKE, C. J.

This is an action for damages for the alleged conversion by the defendants of certain personal property owned by the plaintiff. The action was instituted in the circuit court of the fifth judicial circuit, trial being had before a jury, and at the conclusion of the introduction of the evidence and on motion of the defendants the court directed a verdict for the defendants and the plaintiff now brings the case up on a bill of exceptions.

The principal ground relied upon in the bill of exceptions and the only question necessary to be considered here challenges the propriety of the action of the trial court in directing a verdict for the defendants. From the record it appears that the plaintiff Ishii Tsuru was engaged in conducting a Japanese boarding-house at Makaweli, Island of Kauai, in buildings owned by the Hawaiian Sugar Company, Limited, one of the defendants. On or about the 19th day of August, 1919, the plaintiff suddenly departed from the Island of Kauai, proceeding directly to Honolulu where she remained for about three weeks. The morning

following the departure of plaintiff the plantation police-
man discovered that the buildings formerly occupied by
plaintiff were unoccupied, that the doors thereof were
unlocked and the furniture and personal effects therein
were liable to be damaged or stolen by trespassers. He
thereupon locked the doors and fastened the windows but
upon a return to the premises within a short time he found
that some of the personal effects therein had been removed.
Upon reporting this fact to Mr. C. Bayer, manager of the
Hawaiian Sugar Company's store at Makaweli, and under
his direction, all of the personal property of the plaintiff
was removed and stored in the company's warehouse.
Within a few days thereafter Mr. Bayer ordered a large
portion of the property, consisting of personal clothing
and household goods and effects of the plaintiff, sold.
This property was disposed of at private sale to various
persons and was delivered to and removed by the pur-
chasers. The money received for the goods was put aside
for the plaintiff. Some ten days or two weeks subsequent-
ly to the sale of the property the plaintiff returned to
Kauai and thereupon the defendants, apparently recog-
nizing their error, had all of the property which had been
sold as aforesaid returned by the purchasers thereof and
again placed in the company's warehouse. The plaintiff
without demand upon the defendants instituted this suit.
The court below held that the action could not be main-
tained because no demand had been made for the return of
the property and it was upon this ground principally that
the order directing a verdict in favor of the defendants
was based.

In actions of trover the general rule recognized by all
the authorities is that where the original taking is law-
ful and there has been no illegal assumption of ownership
or illegal user a demand and refusal must be shown as
evidence of a disposition to convert to the holder's own

use or to divest the true .owner of his property. But where the taking itself is wrongful or there is an illegal assumption of ownership or an illegal user a demand and refusal need not be proved. *Ah Hoy* v. *Raymond,* 19 Haw. 568, 573. "Any distinct act of dominion wrongfully exerted over one's property in denial of his right, or inconsistent with it, is a conversion. * * * While therefore it is a conversion where one takes the plaintiff's property and sells or otherwise disposes of it, it is equally a conversion if he takes it for a temporary purpose only, if in disregard of the plaintiff's right. Therefore, if one hire a horse to go to one place, and drive him to another, this is a conversion, though he return him to the owner. The word 'conversion' by a long course of practice has acquired a technical meaning. It means detaining goods so as to deprive the person entitled to the possession of his dominion over them. Any asportation of a chattel for the use of a defendant or a third person amounts to a conversion, for this simple reason: that it is an act inconsistent with the general right of dominion which the owner of the chattel has in it, who is entitled to the use of it at all times and in all places." Cooley on Torts (3d ed.) pp. 859, 860, 861. Acts of conversion have been classified as follows: "(1) A taking from the owner without his consent; (2) an unwarranted assumption of ownership; (3) an illegal use or abuse of the chattel; and (4) a wrongful detention after demand." 38 Cyc. p. 2009. "An action for conversion without a prior demand and refusal is justified by a transfer of property by one having no right or title thereto, irrespective of the character of his possession." 38 Cyc. p. 2036. The injury which is redressed in an action of trover is technically called conversion. Trover is the name of the action which lay at common law for the recovery of damages for the conversion of personal property, and the gist of the action

is the disposing or assuming to dispose of another's goods without his authority. Conversion is any distinct act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein, such as a tortious taking of another's chattels, or any wrongful exercise or assumption of authority, personally or by procurement, over another's goods, depriving him of the possession permanently or for an indefinite time. The act must be essentially tortious, but it is not essential to conversion sufficient to support the action of trover that the defendant should have the complete mancupation of the property, or that he apply the property to his own use, if he has exercised dominion over it in exclusion of, in defiance of, or inconsistent with the owner's right. In the common law action of trover the plaintiff seeks solely the recovery of damages for the conversion of his property and the action is thus distinguishable from an action of replevin in which the primary relief sought is the recovery of the specific property in question, though by statute damages based on the value of the property, if its return cannot be obtained, may be recovered. "When an actual conversion of goods has taken place the owner is generally under no obligation to receive them back upon a tender by the wrongdoer, and even though the tender be accepted by the owner this is generally regarded as no bar to the action." 26 R. C. L. 1113. "It is well settled that there is a conversion for which trover will lie where there has been an unlawful sale of the property of another by one who assumes to be the owner, or acting for the owner, or by one who acts on behalf of a person other than the owner." 26 R. C. L. 1119. The purpose of proving a demand by the plaintiff, and a refusal by the defendant, to deliver the property in an action of trover is to show a conversion and it is the generally accepted rule that such demand and refusal are

unnecessary if the act of the defendant is tortious and amounts to a conversion regardless of whether a demand is made. If the act of the defendant falls short of amounting to a conversion a demand is necessary before suit can be maintained, but "Any act of dominion wrongfully exerted over property in denial of the owner's right or inconsistent with it amounts to a conversion." *McPheters* v. *Page*, 83 Me. 234. "Conversion may be proved by demand and refusal of possession but evidence of this is not necessary if there is other evidence of actual conversion." *Brandenburg* v. *N. W. Jobbers Credit Bureau*, 128 Minn. 411. "Demand and refusal are never necessary as evidence of conversion except when the other acts of the defendant are not sufficient to prove it; nor are they evidence of it when, as in this case, it was not in the power of the defendant to deliver the property when demanded. Besides, after property has been converted a delivery of it to the owner on demand by him will not bar or defeat an action for conversion but will only mitigate damages." *Gilmore* v. *Newton*, 85 Am. Dec. 749. We have quoted at length from the authorities to the end that the rule as well as the reasons therefor may clearly appear.

There is some evidence in this case which indicates that the defendants in the first instance assumed that the property had been abandoned by the plaintiff. This, however, is denied by the plaintiff. Of course if the plaintiff did in fact abandon the property the status of the case might be altered, but whether or not there was an abandonment, the evidence thereof being conflicting, was a question for the jury under proper instructions of the court.

Counsel for appellees have cited a number of authorities applying the rule in respect to property which has been pledged or pawned. These authorities we think have no application to the question now before us. The de-

fendants in this case by selling the property of the plaintiff to third persons exercised dominion over it inconsistent with the rights of the plaintiff and thus wrongfully converted the same and hence no demand was required as a preliminary to the right to maintain her action in trover.

We think that under the circumstances of this case as divulged by the record the original taking of the property by the defendants was rightful and proper, but clearly the subsequent sale of the property was unauthorized and amounted to a tortious conversion of it and that thereupon a cause of action for damages immediately accrued to the plaintiff and no subsequent act of the defendants other than the payment of the damages sustained could defeat the action.

While it does not appear from the record before us that defendants returned or offered to return the property to plaintiff it may be said that where a party wrongfully converts the property of another it is not put in his power by merely restoring the property to the owner to escape liability for the tort committed. As a general rule an offer to return property wrongfully converted is not admissible even in mitigation of damages, but where the conversion is technical, inadvertent or the result of a mistake and the property is still in *status quo* an offer to return it may be shown in mitigation of damages. *McGraw v. Sampliner,* 107 Mich. 141; *Plummer v. Reeves,* 102 S. W. 376. And see *Gilbert & Miller v. Peck,* 43 Mo. Ap. 577, where the rule is fully discussed and the authorities reviewed. In this class of cases the measure of damages ordinarily would be the fair reasonable value of the property at the time of the conversion. If the plaintiff has accepted an offer to return the property and has assumed control of it this would not bar an action for conversion but would mitigate the damages and fix the measure

thereof at the reasonable value of the property at the time of the conversion less its value when returned. *Eldridge v. Hoefer,* 45 Ore. 239.

In this case we think it not unlikely that the court below confused the law of replevin with the law applicable to a case of conversion.

Where the wrongful conversion of the property of another has once been shown no demand is necessary to sustain an action therefor and to hold otherwise would be to rewrite the law of conversion and to depart entirely from a fundamental rule recognized and applied by every authority dealing with the subject.

The verdict and judgment herein are set aside and the cause is remanded to the court below for a new trial.

*E. K. Aiu* and *A. G. Kaulukou* for plaintiff.

*W. O. Smith* and *L. J. Warren* for defendants.