CROWLEY *v.* DETROIT GARAGES, INC.

1. BAILMENTS—MOTOR VEHICLES—DELIVERY TO WRONG PERSON—NEGLIGENCE.

Garage owner delivering automobile, through its employee, at another place than that at which it was received, and to entire stranger, without requiring presentation of storage ticket, contrary to its terms, and without any assurance that it was being delivered to proper person except word of stranger to whom it was delivered, breached its contract and was guilty of negligence.

2. SAME—CONVERSION.

Failure of garage owner to return to owner his automobile at time it was demanded, on presentation of storage ticket, in consequence of its own negligence in delivering to stranger, constituted conversion.

3. SAME—MEASURE OF DAMAGES.

Garage owner guilty of conversion by reason of its own negligence in failing to deliver automobile to owner on demand is liable for full value of car at time it was received by it.

4. SAME—TENDER IN DAMAGED CONDITION.

Owner of automobile, converted by garage owner by negligent delivery to wrong person, was not bound to accept car in damaged condition when tendered, about two months after its conversion.

Appeal from Wayne; Browne (Clarence M.), J., presiding. Submitted April 26, 1932. (Docket No. 176, Calendar No. 36,242.) Decided June 6, 1932.

Case by Charles B. Crowley against Detroit Garages, Inc., a Michigan corporation, for loss of an automobile while in defendant's possession for storage. Judgment for plaintiff. Defendant appeals. Modified and affirmed.

On mere detention of or failure to deliver chattels after demand as conversion, see annotation in 61 A. L. R. 621.

*Archie D. McDonald,* for plaintiff.

*Beaumont, Smith & Harris,* for defendant.

NORTH, J.   Plaintiff having purchased a LaSalle automobile for $3,006 had delivery of the car made at the Statler Hotel in Detroit, where he was registered as a guest August 5, 1927.   From the hotel the car was taken by one of defendant's employees to its garage for storage.   For the purpose of identification, defendant had cards or tickets consisting of three sections, each section bearing the same number.   Upon receiving an automobile, one section was detached and delivered to the customer, one was attached to the automobile, and the other delivered to the office of defendant's cashier at the garage. When the customer called for his car, he was required to produce and surrender his storage ticket as the evidence of his being entitled to delivery of the automobile.

On the morning following receipt of plaintiff's car, a party telephoned defendant, represented himself to be the owner, and requested delivery of the automobile at the Masonic Temple at Detroit.   This party gave the name of plaintiff, stated the number of plaintiff's room at the Statler Hotel, gave a description of the car, the number of the storage check, and also the license number.   Thereupon defendant sent the car in charge of one of its employees to the Masonic Temple.   A man purporting to be plaintiff met defendant's employee as he drove up in front of the Masonic Temple, stated he was Mr. Crowley, and thereupon informed the employee that he had left his storage check at the hotel, but if necessary he would go to the hotel to obtain the same, although he was in a hurry to leave the city. Thereupon defendant's employee delivered the car

to this man without receiving the storage check. Somewhat later on the same day plaintiff called for his car and then learned it had been delivered to some one else under the circumstances above stated. About 60 days later this automobile was recovered in Chicago and returned to Detroit. In the meantime it had been driven approximately 5,000 miles, two fenders were damaged, and there was also damage to other portions of the car. Upon becoming repossessed of the car, defendant tendered it to plaintiff, who refused to accept it. At the time of tender defendant denied any and all liability to plaintiff by reason of the damage he had sustained in consequence of defendant's failure to protect plaintiff's automobile and deliver it upon demand. Later plaintiff brought this suit in trespass on the case, added a count in assumpsit, and claims as damage the value of the automobile at the time defendant failed to redeliver it to plaintiff upon the latter's demand therefor. In the circuit court plaintiff had judgment, and defendant has appealed.

Plaintiff's right to recover is based upon alleged negligence of defendant in the performance of its contract of bailment, and he asserts that defendant's failure to properly perform such contract constituted a conversion of plaintiff's automobile. This contention of plaintiff was sustained by the trial judge, who heard the case without a jury; and such holding is assigned as one of the reasons in support of this appeal. Aside from the law generally applicable thereto, this phase of the case to some extent would seem to be controlled by the terms of the storage ticket delivered to plaintiff. On the front of this ticket the following appears:

"Present this ticket to the cashier on first floor and obtain receipt for your car."

On the back of the ticket the following appears:

"Detroit Garages, Inc., at all times will endeavor to protect the property of its patrons but it assumes no responsibility for any loss by theft of any automobile or part thereof, or for damages due to negligence of other than its own employees."

We think appellant's contention that the testimony does not show negligence on its part incident to this bailment cannot be sustained. From the terms of the storage ticket the customer had a right to understand that delivery of his automobile would be made only upon presentation of his portion of the storage ticket to defendant's cashier, and that defendant's employees would not be guilty of negligent conduct incident to the storage or delivery of the car which would result in damage to the customer. Defendant breached the terms of its contract, and was guilty of negligence by delivering plaintiff's car without receiving the storage ticket delivered to him and without making a more careful investigation than was made in this case to assure itself that the one asking for delivery of the car was entitled thereto. Instead, in the instant case, defendant through its employee delivered plaintiff's car at another place than that at which it was received and to an entire stranger without presentation of the storage ticket and without any assurance that the car was being delivered to the proper party except the word of the stranger to whom it was surrendered. The record is abundantly sufficient to support the circuit judge's finding that defendant was guilty of negligence, and that its conduct constituted a breach of its contract of bailment. Defendant's failure to return to plaintiff his automobile at the time it was demanded from storage and defendant's

subsequent inability to do so for a period of 60 days in consequence of its own negligence, together with the fact that the car had been damaged substantially both by use and misuse or accident in the meantime, constituted conversion. *Donlin* v. *McQuade,* 61 Mich. 275; *Tatro* v. *Baker-Fisk-Hugill Co.,* 215 Mich. 623.

Notwithstanding appellant denied all liability at the time it became repossessed of plaintiff's automobile and tendered it to him, it is now contended by appellant that if it is liable at all it is only for the difference of the value of the automobile when received in storage and its value at the time its return was tendered to plaintiff; and that plaintiff was bound to accept it even in its damaged condition at the time belated return was tendered. Such is not the law.

"As a general proposition when an actual conversion of chattels has taken place, the owner is under no obligation to receive them back, when tendered by the wrongdoer. There may be exceptions to this general rule when the wrong lacks the element of wilfulness, has been committed in good faith, and the court, in its discretion, orders a return upon timely application by the defendant in an action of trespass or trover accompanied by an offer to pay costs and showing that no real injuries have been suffered by the plaintiff when possession is restored." *Carpenter* v. *American Building & Loan Ass'n* (syllabus), 54 Minn. 403 (56 N. W. 95, 40 Am. St. Rep. 345).

"As a general rule, an offer to return property converted is not admissible even in mitigation of damages, but where the conversion is technical, inadvertent, or the result of a mistake, *and the property is still in statu quo,* an offer to return it may be shown in mitigation of damages." 38 Cyc. p. 2102.

See, also, 3 R. C. L. p. 118, and *McGraw* v. *Sampliner*, 107 Mich. 141.

After the automobile was repossessed by defendant, the parties entered into a stipulation relative to its repair, resale, etc. Under this stipulation plaintiff received $405, March 15, 1929. When delivered to defendant plaintiff's automobile was of the value of $3,006. Plaintiff's damage amounts to this sum, $3,006, with interest at the legal rate from the date of conversion (August 6, 1927), less the sum of $405 credited as of the date paid to plaintiff. Thus computed to the date judgment was entered in the trial court (August 25, 1931), judgment should have been entered for $3,190.17. Due to some misunderstanding between counsel as to whether the trial judge in entering judgment should have given consideration to the stipulation above mentioned, judgment was entered for $3,606. Notwithstanding this amount was excessive, since appellant denied all liability, appellee will have judgment for $3,190.17 entered as of August 25, 1931, and costs of both courts.

CLARK, C. J., and McDONALD, POTTER, SHARPE, FEAD, WIEST, and BUTZEL, JJ., concurred.