EMMA DUBIE*

*vs.*

MAURICE A. BRANZ D/B/A
THE GUARDIAN FINANCE COMPANY

Cumberland.   Opinion, May 4, 1950.

*Saul Sheriff*, for plaintiff.

*Wilfred A. Hay,* for defendant.
*Charles A. Pomeroy,* for defendant.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL,
NULTY, WILLIAMSON, JJ.

NULTY, J.   This case is before this court on exceptions to
acceptance of report of referees.   The action is trover,
plea, general issue with brief statement alleging title and

* The Rescript of this case was published by inadvertence at 145 Me. 170.
Herewith is published the full text of the court's opinion by Mr. Justice Nulty.

right of possession of the property in question and claiming that said property, which was a diamond ring, was pledged as collateral security for a loan made by the defendant in good faith and that the indebtedness for which said ring was collateral security had not been paid and that said defendant would relinquish possession of said ring upon payment of said indebtedness. The action was referred to referees under Rule of the Superior Court with right of exceptions as to matters of law reserved. The referees reported in favor of the plaintiff. Defendant filed seven objections in writing to the acceptance of the report. The referees' report was accepted and defendant filed exceptions which were allowed by the presiding justice. The written objections filed by the defendant are made a part of the bill of exceptions by reference and defendant is, therefore, properly before this court to be heard on such matters as are put in issue by the written objections filed by him in so far as said objections comply with *Rule 21.* 129 Me. 511, 157 A. 859, *Staples* v. *Littlefield,* 132 Me. 91, 93, 167 A. 171. The report of the referees is specific in its terms and contains the statements of fact upon which the report is based and also contains statements of the legal principles which the referees applied in determining liability and assessing damages.

After the case was docketed in this court an error was discovered in the pleadings and the case was remanded to the Superior Court for correction, 72 A. (2nd) 450, said case to be re-entered in this court in accordance with the opinion.

*Rule 21* of the Supreme Judicial and Superior Courts provides:

> "Objections to any report offered to the Court for acceptance, shall be made in writing and filed with the Clerk and shall set forth specifically the grounds of the objections, and these only shall be considered by the Court."

The written objections to the report were as follows:

1.   There is no evidence in the record to support the conclusion which the Referees reached that immediately after pledging the ring with the defendant Albert F. Allen left for parts unknown and continued search has not disclosed his whereabouts.

2.   There is no evidence to support the conclusion that Albert F. Allen neither advanced or intended to advance any money to the plaintiff to buy oil leases for her or for any other purpose, and that his procurement of her ring from her and its sub-pledge was clearly a fraud.

3.   There is no evidence to support the conclusion that Albert F. Allen was guilty of conversion of the plaintiff's ring.

4.   That the Referees' conclusion that the defendant became liable to the plaintiff for his possession of her ring is contrary to the law.

5.   That the Referees' findings of fact above described are manifestly against the evidence.

6.   That the Referees' findings of fact above described are manifestly against the weight of evidence.

7.   That the Referees' conclusions of law above described are against the law.

Objections 5, 6 and 7 are manifestly insufficient and were properly overruled by the presiding justice. They are not specific, but general, and they cannot be considered. *Throumoulos* v. *First National Bank of Biddeford,* 132 Me. 232, 169 A. 307 and cases cited.

Objection 4 is also too general and the exception based thereon cannot be considered. This objection does not in any way *specify* how or why the referees' conclusion with respect to the possession of the defendant of the plaintiff's ring is contrary to law. *Throumoulos* v. *First National*

*Bank of Biddeford, supra, Moores* v. *The Inhabitants of the Town of Springfield,* 64 A. (2nd) 569, 573.

Objections 1, 2 and 3 filed by the defendant assert that there was no evidence before the referees to support the particular findings and conclusions of the referees set forth in the above objections. These three objections raise questions of law which under the rule of reference were properly reserved. It is, however, unnecessary to make more than passing mention that this court has many times held that findings of fact by the referees will not be disturbed provided there is any evidence to support the findings. *Staples* v. *Littlefield, supra; Morneault* v. *Boston & Maine R. R. Co.,* 68 A. (2nd) 260. The record discloses that the plaintiff, Emma Dubie, early in May 1948 delivered her platinum ring set with a 1.25 carat diamond and 22 chip diamonds to one Albert F. Allen as security for $1,000 which he promised to advance and use to purchase for her certain oil leases, agreeing not only that the advance should be paid from income from the leases which he assured her would begin the following June, but also that the ring would be kept in his safe deposit box at Brunswick until her payments were completed. It should be noted that Allen and his wife had for some months occupied a room in a tourist house on State Street in Portland, Maine, operated by the plaintiff. This pledge agreement was not reduced to writing and no receipt for the ring was given. On May 17, 1948, said Allen called upon the defendant, Maurice A. Branz, who conducted a small loan business in Portland under the name of Guardian Finance Co., exhibited the ring pledged to him by the plaintiff, stated that the ring belonged to his wife, that he needed money to carry on his antique business, that she had authorized him to use the ring as security, and borrowed $400 for which he gave his note payable in monthly installments of $40 with interest at 3% and pledged the ring as collateral security for the loan. The record further discloses that said Allen disappeared after this transaction and all search for his whereabouts have proved futile. The referees found

as a fact that said Allen neither advanced or intended to advance any money for the plaintiff, Emma Dubie, to buy oil leases or for any other purpose and that his procurement of her ring from her and its sub-pledge to the defendant thereafter was clearly a fraud but that the defendant Branz was ignorant of the fraud and accepted delivery of the ring in pledge in good faith. About November 1st, not having received any payment on account of Allen's loan, the defendant Branz published notice of his intention to enforce his pledge of the ring by Allen in the Bridgton News, as required by statute, and of this publication the plaintiff subsequently was advised and she made demand for the ring on the defendant and he refused either to exhibit or surrender it, whereupon the plaintiff instituted the instant action of trover.

It is the opinion of this court, after examination of the record, not only that there was ample evidence to support the various findings of fact by the referees, but the inescapable conclusion reached by this court is that the referees would not have been warranted in arriving at any other conclusions. Such being the case, in accordance with the well established decisions of this court we hold that there was ample evidence to support the findings of fact and the conclusion of the referees and that said findings are conclusive and finally decided and exceptions do not lie. *Staples* v. *Littlefield, supra.* The defendant takes nothing under the first two objections.

The third objection also raises a question of law which will necessitate the determination of whether or not under the referees' conclusion said Allen was guilty of conversion of the diamond ring of the plaintiff. In *McPheters* v. *Page,* 83 Me. 234, 22 A. 101, this court said:

> "It is established as elementary law by well settled principles and a long line of decisions that any distinct act of dominion over property in denial of the owner's right, or inconsistent with it, amounts to conversion."

See also *Wyman* v. *The Carrabassett Hardwood Lumber Co.,* 121 Me. 271, 276, 116 A. 729. The referees ruled, and there was ample evidence to support their findings, that said Allen was guilty of conversion. We agree with said ruling, and, such being the case, said Allen, as a matter of law never had legal possession of the plaintiff's ring. He acquired no special property or right of possession in the diamond ring which could be legally sub-pledged or transferred to the defendant. Said Allen never was, under the referees' findings, which were correct on the facts, a legal bailee or a pledgee of property for a special purpose and his attempted sub-pledge to the defendant, although the defendant acted in good faith and with reasonable care, as found by the referees, was a nullity and said defendant never acquired any special property or even the legal right of possession from said Allen. It is needless to say that the right of possession of the right of special property in the article bailed or pledged cannot be acquired from a person who obtained possession of the article attempted to be pledged by fraud as found by the referees. Fraud is any cunning, deception or artifice used to circumvent, cheat or deceive another. *Great Northern Manufacturing Co.* v. *Brown,* 113, Me. 51, 53, 92 A. 993. Fraud vitiates all contracts into which it enters, verbal or written. *Warren* v. *Kimball,* 59 Me. 264, 266; *Stewart* v. *Winter,* 133 Me. 136, 139, 174 A. 456. In other words, when an alleged bailee or pledgee of property sells, transfers or assigns property obtained by fraud without right, the purchaser or sub-bailee or sub-pledgee does not thereby acquire a lawful title or lawful possession and the owner may maintain trover against the alleged purchaser or sub-bailee or sub-pledgee without demand. *Hotchkiss* v. *Hunt,* 49 Me. 213, 224. The defendant takes nothing under his third objection.

The action of the presiding justice in overruling the objections of the defendant was correct and the mandate will be

*Exceptions overruled.*