RICHARD L. HOWARD
*vs.*
FREDERICK DESCHAMBEAULT

York.    Opinion, February 10, 1959.

*Walter E. Foss,*
*Robert A. Wilson,* for plaintiff.

*Waterhouse, Spencer & Carroll,* for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, DUBORD, SIDDALL, JJ.

WILLIAMSON, C. J.  This is an action of trover to recover damages for the conversion of plaintiff's automobile. Exceptions to the direction of a verdict for the defendant are overruled.

We take the evidence and the inferences to be drawn therefrom in the light most favorable to the plaintiff. *Ward* v. *Merrill*, 154 Me. 45, 141 A. (2nd) 438. Under the rule a jury could have found the following facts:

The plaintiff parked his automobile on River Street in Biddeford in such a way as to obstruct the driveway or entrance to defendant's parking lot. Whether the front end of the car, which was on the driveway, was in fact on the sidewalk or on the parking lot was not determined, nor is it material. In either event, the entrance was blocked. The parking lot reached from the street to the bank of the Saco River, a distance of about sixty feet.

The plaintiff left his car with the keys in it and crossed the street to discuss business with an automobile salesman. While he was so engaged a customer of the defendant requested the defendant to remove the car that he might leave the parking lot. The customer and the defendant tried without success to move the car. Thereupon the defendant, without permission of the plaintiff, started the plaintiff's car and drove it into the parking lot with the intention of parking at the rear of the lot where it would be available for the owner. For some reason, attributed by the defendant to a failure of the brakes, he was unable to stop and continued over the bank into the river.

The salvage value of the car exactly equalled plaintiff's cost of removing it from the river. The repossession of the car by the plaintiff would not have defeated defendant's lia-

bility for conversion if liability had otherwise existed. Evidence of this nature is admissible in mitigation of damages. *Merrill* v. *How,* 24 Me. 126; *Hunt* v. *Haskell,* 24 Me. 339; Anno. 3 A. L. R. (2nd) 225.

The acts of the defendant do not come within the definition of conversion stated in the often cited case of *Mc-Pheters* v. *Page,* 83 Me. 234, 22 A. 101. There the defendant proprietor of a meat market was held liable for conversion for cutting up and distributing a carcass and saddles of deer received from an officer of the law who had wrongfully seized them from the plaintiff owners. The court said, at p. 235:

> "It is established as elementary law by well-settled principles, and a long line of decisions, that any distinct act of dominion wrongfully exerted over property in denial of the owner's right, or inconsistent with it, amounts to a conversion. It is not necessary to a conversion that it be shown that the wrong-doer has applied it to his own use. If he has exercised a dominion over it in exclusion, or in defiance of, or inconsistent with, the owner's right, that in law is a conversion, whether it be for his own or another person's use."
>
> \* \* \* \* \* \* \* \* \*
>
> "In this case the defendant was more than a mere naked bailee. He exercised a dominion over the property destructive of it, and inconsistent with the plaintiff's ownership."

The distinction is at once apparent between the case at bar on the one hand and the *McPheters* case and the following cases on the other: *Dubie* v. *Branz,* 146 Me. 455, 74 A. (2nd) 217 (pledge of property by one who has converted it) ; *Sanborn* v. *Matthews,* 141 Me. 213, 41 A. (2nd) 704 (sale of mortgaged personal property) ; *Harvey* v. *Anacone,* 134 Me. 245, 184 A. 889 (sale by a conditional vendor) ; *Crocker* v. *Gullifer,* 44 Me. 491 (unauthorized use by a bailee with limited right of possession). See also 53 Am. Jur.,

*Trover and Conversion*, § 24 and 89 C. J. S., *Trover and Conversion*, § 1.

There is no suggestion here of any attempt to dispose of the car, or to make use of it other than to remove it from the driveway to another place for parking. There is nothing in the record to indicate the slightest intention of depriving the plaintiff owner of his possession, or otherwise of interfering with his full and complete control, except to the limited extent of moving the car from the place where it was improperly blocking defendant's driveway to a suitable parking place on defendant's lot. In this situation there is no conversion. "It is not a conversion for one to move from his premises, or from one part of his premises to another, chattels which the owner has left there either with or without license therefor." 89 C. J. S., *Trover and Conversion*, § 49.

The defendant plainly had the right to remove the obstruction, that is to say, the plaintiff's car, from his driveway. The defendant's possession for this purpose was justified. The evidence denies the elements of conversion.

The case is analogous in many respects to *Gilman* v. *Emery*, 54 Me. 460, in which the court said, at p. 462:

"In this case the defendant found a horse hitched to one of his shade trees. He unhitched him and led him a few feet and hitched him to a post set in the ground on purpose to hitch horses to. This was not an act of trespass, and probably the plaintiff would not have complained of it, but for the fact that his horse afterwards broke loose from the post and ran away and broke his wagon. But there is no evidence that the defendant did not use ordinary care in hitching the horse, and the plaintiff's writ does not charge him with negligence; it simply charges him with trespass *vi et armis*, in taking and carrying away the horse, buggy, etc."

The court held a nonsuit was properly ordered and sustained a discretionary ruling denying a motion to add a count charging negligence.

Restatement, Torts § 260 (1) reads:

> "Except as stated in Subsection (2), the possessor of land or chattels is privileged intentionally to intermeddle with a chattel in the possession of another when such intermeddling is or is reasonably believed to be necessary to protect the actor's interest in the exclusive possession of his land or chattels."

> "Illustration 1:

> A, without a privilege, parks his automobile in B's front yard. B releases the brake and pushes the car out into the street. In so doing, without any fault on the part of B, the car is damaged. B is not liable to A."

See also Restatement, Torts § 264 (abatement of private nuisance).

The plaintiff has failed to present evidence which under the rule would permit a jury to find for him and thus to force a sale of his car upon the defendant. The defendant is not of course excused from liability for negligence on his part. This issue, however, is not raised in the present action of trover to recover damages for conversion. We therefore need not, nor do we, consider the sufficiency of the evidence with reference to negligence.

The entry will be

*Exceptions overruled.*