MARGARET G. WYMAN, ET AL.
*vs.*
MAYNARD W. ROBINSON, ET AL.

MAYNARD W. ROBINSON, ET AL.
*vs.*
MARGARET G. WYMAN

Cumberland.    Opinion, October 14, 1960.

*Raymond S. Oakes,*
*Robert Oakes,* for plaintiffs.

*George F. Feeney,*
*Nathan W. Thompson,* for defendants.

SITTING: WILLIAMSON, C. J., WEBBER, SULLIVAN, DUBORD, SIDDALL, JJ.  TAPLEY, J., did not sit.

WEBBER, J.  On appeal.  These two cases, tried together by agreement before a single justice, involve an action for equitable accounting and a counter-suit for alleged conversion.  For all practical purposes the cases may be discussed as though they were cross-actions as between Margaret G. Wyman and Maynard W. Robinson.  The facts in the first case may be briefly stated as follows:  Plaintiff Wyman

owned a gravel pit. Defendant Robinson was in the business of digging, hauling and selling gravel and like material. The parties entered into a written "lease" contract under which Robinson was to have the exclusive right to take material from the pit for a period of two years and was to pay Wyman 25c a cubic yard for all loam removed and 10c a cubic yard for all other materials taken. Subsequently the defendant sold to W. H. Hinman Company substantial quantities of material for which he was paid. At the rate provided for in the "lease" a substantial balance remains unpaid to the plaintiff. The justice below so found and fixed the amount due. The defendant claims additional credits. He testified that some time after the execution of the contract he and the plaintiff entered into a new oral agreement whereby he would forego his exclusive rights, act as the plaintiff's agent and attempt to sell her gravel to Hinman. He placed a value of 3c a cubic yard on his services as agent. The plaintiff flatly denied that any such agency agreement was ever made. The two versions are completely irreconcilable and obviously only one party can be telling the truth. It has been so often stated as to require no citation here that findings of fact by a single justice in equity will not be disturbed unless clearly wrong. The justice below saw and heard the witnesses and could best determine an issue of veracity. His finding in favor of the plaintiff Wyman is entirely consistent with all of the evidence in the case and cannot now be disturbed.

As to the alleged conversion, the evidence shows that there had been piled within the pit area a substantial quantity of loam which under the terms of the "lease" could be removed only by Robinson. Wyman, defendant here, discovered that trespassers had broken the chain and destroyed the padlock which protected the pit and had dumped old tires and other waste in the pit area. Wyman at once installed a new padlock, notified Robinson of her action, and

informed him where he could pick up the key at the home of a neighbor. Robinson asserts that Wyman thereby converted the loam which at the time of hearing still remained piled in the pit. The justice below found no intention on Wyman's part to keep Robinson out or prevent him from removing materials to which he was entitled, and therefore gave judgment to the defendant. It is important to note that the "lease" contract in no way deprived Wyman of the right to exclude persons other than Robinson and those acting for him from the pit nor did it prevent her from exercising full rights of possession of the pit area consistent with his exclusive right to remove materials.

In *Howard* v. *Deschambeault,* 154 Me. 383, the defendant's limited possession for a lawful and proper purpose without any intention to deprive the owner of his possession was held not to constitute tortious conversion. In the instant case, defendant was merely protecting the pit from intruders other than the plaintiff as she had a right to do. She had no intention to keep the plaintiff out and in fact did not keep him out. The means of exercising lawful dominion over the loam were immediately made available to the plaintiff. He had only to pick up the key and enter.

In each case, the entry will be

*Appeal denied.*