JAGELEWSKI v. GROSSE POINTE CHRYSLER-PLYMOUTH, INC.

SALES—CONTRACTS—RATIFICATION—EVIDENCE.

> Acts of control and ownership by plaintiff after his return of his new automobile to defendant automobile dealer for repairs, in authorizing repairs made necessary by damage to car while it was stolen from dealer's possession, in authorizing parts from car of defendant's employee to be put in his car, in using defendant's loan cars, and in taking possession of his own car after he brought action for its conversion, were acts of ratification and not repudiation of the sale; therefore damages awarded to plaintiff should be based on loss of use and damage rather than full value of the automobile.

Appeal from Common Pleas Court of Detroit, Henry J. Szymanski, J. Submitted Division 1 February 13, 1969, at Detroit. (Docket No. 3,570.) Decided March 26, 1969.

Declaration by Robert Jagelewski against Grosse Pointe Chrysler-Plymouth, Inc., a Delaware corporation, for damages for loss of his car and incidental damages. Judgment for plaintiff. Plaintiff appeals, contending that the judgment is inadequate.

*Johnson, Campbell & Moesta,* for plaintiff.

*Sweeny, Dodd, Kerr, Wattles and Russell,* for defendant.

---

REFERENCE FOR POINTS IN HEADNOTE
17 Am Jur 2d, Contracts § 489.

BEFORE: Fitzgerald, P. J., and R. B. Burns and Bronson, JJ.

Per Curiam. Plaintiff had trouble with his new car and returned it to defendant dealer for repairs. He left it on a lot after the close of business, and left the keys in the ignition. The next day, defendant accepted custody and began to fix it, keeping it in an unfenced, illuminated lot. A week later, plaintiff's vehicle was placed on the lot, locked, and the keys returned to defendant's offices. It was stolen and damaged, but later recovered, and plaintiff authorized repairs. Plaintiff was given a loan car in the interim, and was involved in an accident with the loan car. He was given another car to use which was in his possession 3 months due to delays in getting parts for his own car. Plaintiff agreed to a suggestion that parts from a car owned by one of defendant's employees be put in his car, but refused to accept the completed vehicle.

Action was brought for loss of the car at full value, loss of use, loss of personal property, loss of time and mental anguish. After the action was started, defendant notified plaintiff it would no longer store the car. Plaintiff's mother took possession of the vehicle and the vehicle continued in plaintiff's possession.

The trial court found defendant negligent and awarded plaintiff $795, representing the difference between the value of the vehicle before the theft and after the theft, and $150 for loss of personal property. Defendant was given a credit of $300 for the partial repairs performed.

Plaintiff appeals, contending he is entitled to the full value of the vehicle in the sum of $2,995. Plaintiff's entire appeal rests upon *Crowley* v. *Detroit Garages, Inc.* (1932), 259 Mich 170. *Crowley* holds

that when a bailee is guilty of negligence and a car
is stolen, a conversion results and the damages are
the value of the car at the time of conversion, with
interest.

An examination of the facts in this case, however,
reveals that it does not fit the *Crowley* rule.  In
*Crowley,* tender of the repossessed car was refused,
resulting in a total repudiation of the contract per-
mitting the award of damages based on the value
of the car.

Here, intervening acts of control and ownership
are inconsistent with any intention to revoke the
contract.  Plaintiff, after recovery of the vehicle,
authorized repairs, authorized parts to be put on,
used defendant's loan cars, and took possession of
the car.  They amount to acts of ratification rather
than repudiation.  There was sufficient evidence to
support the court's finding that plaintiff retained
title and that damages were based on loss of use
and damage, rather than full value, as in the case
of total conversion.

Affirmed.  Costs to appellee.