CASE 28—PETITION ORDINARY—JUNE 25.

## Ryon vs. Bean's administrator.

### APPEAL FROM CLARKE CIRCUIT COURT.

Where the statement in an affidavit to obtain an attachment was: The affiant " *believes* that defendant R. has left C. county, the county of his residence, to avoid the service of legal process. He *believes* that said R. so conceals himself that a summons cannot be served upon him;" and this statement was sworn to as *true*, and the defendant, without objection, responded to it, denying its allegations, treating them as direct averments, and the evidence clearly established the issue upon the part of the plaintiff, the judgment of the circuit court sustaining the attachment is affirmed.

BUSH & BUCKNER, for appellant, cited 1 *Met.*, 42; 18 *B. Mon.*, 537 ; *Civil Code, sec.* 123 ; *Samuel vs. Dallam, MS. opinion, January,* 1857.

HUSTON & DOWNEY, for appellee, cited 13 *B. Mon.*, 466; 17 *Ib.*, 645 ; *Bowling's heirs vs. Morris, MS. opin., June,* 1857 ; *Civil Code, secs.* 146, 161 ; *Riggs vs. Maltby & Co., ante* 88.

CHIEF JUSTICE SIMPSON DELIVERED THE OPINION OF THE COURT :

The ground relied upon in this case for a reversal, is the insufficiency of the affidavit upon which the attachment was issued.

The statement in the affidavit which is alleged to be insufficient is in the following words: The affiant "believes that defendant Ryon has left Clarke county, the county of his residence, to avoid the service of legal process. He believes that said Ryon so conceals himself that a summons cannot be served

VOL. 2—18.

upon him." This statement was sworn to as true, and not merely that the affiant *believed* it to be true.

In the case of *Williams vs. Martin*, (1 *Met., page* 43,) an affidavit which contained the same statement was adjudged to be insufficient, but in that case the verification of the affidavit was, that the affiant believed the statements therein were true; the effect of which was that he believed, that he did believe, the statements to be true.

In this case if the statement in the affidavit had been so made as to amount to a direct charge of the fact stated, and the affiant had sworn that he *believed* the statement to be true, the affidavit would have been sufficient. It would, however, then have been only a statement of the affiant's belief on the subject, and would have been, in substance and effect, precisely the same that it now is. In this respect, therefore, there is an essential difference between this case and the above mentioned case of *Williams vs. Martin*. But there is a still more important difference between the two cases. In that case, the objection was made to the affidavit in the court below, and that court discharged the attachment, because the affidavit was insufficient. In this case, no objection was made to the affidavit in the court below, but it was responded to by the defendant, who, in his affidavit, denied that at or before the commencement of the action he left the county of his residence to avoid the service of process, or that he was then so concealing himself that a summons could not be served upon him. An issue was thus fairly made between the parties, involving an inquiry into the very fact which formed the grounds of the attachment.

The evidence which was taken to support that issue, upon the part of the plaintiff, clearly established the fact that the defendant had left the county for the very purpose of avoiding the service of legal process. Upon the merits of the case the court was clearly right in sustaining the attachment.

The question then is, shall a judgment be reversed which was rendered upon the trial of the only issue which was material between the parties, when the evidence is all contained in the record, and shows that the issue was properly decided, and when no objection was made to the affidavit in the court below.

If the affidavit, as made, be defective; such defect has not in this case affected prejudicially the rights of the appellant. The issue between the parties was precisely such as it would have been if the affidavit had contained a direct allegation of the fact relied upon. Indeed it was regarded and treated by the parties as making such an allegation, and the defendant had every benefit from the issue as made, that he could have had, if the affidavit had contained such an allegation.

It is expressly provided by the 161 *section* of the *Civil Code*, that no judgment shall be reversed for any error or defect in the proceedings, which does not affect the substantial rights of the adverse party. Now it is very obvious that the defect relied upon for a reversal does not, under the circumstances in this case, affect the substantial rights of the appellant, and that the judgment is just what it would have been if the alleged defect in the affidavit had not existed.

Wherefore, the judgment is affirmed.