GREAT FALLS MANUFACTURING COMPANY *v.* GEORGE O. WORSTER & AL.

In a suit against sureties upon a bond  to pay such costs as the obligee should recover against the principal in a suit then pending, it is open to the defendants to impeach the judgment for costs, upon the ground of fraud, by showing that, for the purpose of defrauding the defendants and by collusion between the parties, the judgment was rendered for more than the just amount.

Whether it would be competent to show that the obligee in taxing his costs knowingly included sums to which he was not entitled, although the principal was not privy to it, *quære.*

In a bond  given on appeal, the condition of which was to  pay all  such  costs as the obligee might recover, the costs accruing before such bond, as  well  as  after,  are  properly included.

DEBT on bond, for $350.   The condition was to pay all such costs as

said Company might recover against Susan M. Worster in an action brought by her against said Company.

The plea was the general issue under the general rule.

The plaintiffs produced the bond declared on; the execution was held to be admitted under the general rule. They also produced the record of the action, *Susan M. Worster* v. *Great Falls Manufacturing Company*, and a judgment in favor of said Company for their costs, taxed at $302.11.

They proved a demand of said costs of the defendants, Oct. 14, 1861. The action was commenced.

The defendants thereupon offered to prove that the taxation of the costs in said action was procured by fraud; that the amount of costs to which the Company were entitled was $150 less than the amount actually taxed; to put in evidence the proofs from the files upon which said costs were taxed and the affidavit of J. H. Titcomb, whose travel and attendance as a witness were taxed as to the term of the court at which he attended, and to show by the records of the court that, at the term of the court at which said Titcomb testifies that he did attend, the said cause in which he is taxed was not pending in Court.

The defendants further contended that the defendants are not holden by the bond for any costs except those accruing since the date of the bond.

The court held the evidence incompetent and inadmissible, and overruled the objection as to the rule amounts of costs for which the defendants are holden, and the defendants excepted.

*Wells & Eastman,* for plaintiffs.

*Worster,* for defendant.

BELLOWS, J. The defendants were not parties to the original suit, but merely sureties of the plaintiff, Susan M. Worster, for the costs that might be recovered against her.

By the judgment for costs, if fairly obtained, they would be bound; but upon well established principles, we think, they may in this proceeding impeach that judgment for fraud, by showing, for example, that by collusion between the parties to it and for the purpose of defrauding the sureties, (these defendants,) the judgment was rendered for more than the just amount.

That judgments, as well as other transactions, are vitiated by fraud, is not open to controversy; Fermor's Case, 3 Co. Rep. 77 a.; *Hoitt* v. *Holcomb*, 23 N. H. 554; but it is sometimes made a question in what manner it shall be taken advantage of. There is, however, no doubt that a judgment may be collaterally impeached by a third person, not party or privy to it, upon the ground that it was obtained by collusion with intent to defraud him.

A familiar illustration is to be found in judgments entered up by the parties for the purpose of defrauding creditors; and the books are full of cases where the plaintiff, in a suit against an executor who has pleaded

a judgment against him on a specialty, and no assets beyond, has been allowed to avoid the judgment by replying that it was obtained by the fraud and covin of the defendant.   See 3 Chitty Pl. 1165, and note.

So, if a judgment be rendered by fraud and covin between the parties with intent to defeat the title of a third person, the latter may plead the matter in avoidance of the judgment.   Wilde, J. in *Downs* v. *Fuller*, 2 Met. 138.

In *Webster* v. *Reid*, 11 How. U. S. 437, it was held that, when a judgment is brought collaterally before the court, it may be shown to be void upon its face for want of notice, or for fraud.

In a suit against a surety, although a judgment against the principal is *prima facie* evidence against the surety, yet he may show collusion, fraud, payment, or clerical mistakes in entering it up.   4 McLean's Rep. 577.

So, in a suit against the bail for costs in Vermont, the defendant may show that the judgment for costs in the original suit was entered up by collusion between the parties to defraud the bail.   *Parkhurst* v. *Sumner*, 23 Vt. 538.   This case appears to be directly in point, it being a recognizance for costs, while in the one before us it is a bond.

Upon these views, we think that proof of fraud in the taxation of the costs and entering up judgment was admissible.

As to the particular proof of fraud designed to be adduced, the case is not very explicit.   It might embrace a case of collusion between the original parties with intent to defraud these defendants ; and if so, it was clearly admissible.   If it was designed to show that the plaintiff claimed to tax fees for witnesses, and furnished proof of their attendance, and was allowed for it, when at the same time he knew that such witnesses did not attend at all, we are not prepared to say that this would not be sufficient proof of fraud, although the defendant in that suit was no party to it.

In the cases adverted to, of replications in suits against executors, it is held to be sufficient to aver that the judgment was obtained by the fraud and covin of the defendant, the executor, only.   3 Chitty Pl. 1165, and note n. ; Meriel Tresham's Case, 9 Co. 110.

In the case of *Borden* v. *Fitch*, 15 Johns. Rep. 121, which was a suit by the mother for debauching her daughter and servant, the daughter was offered as a witness for the plaintiff, and objected to by defendant, upon the ground that she was his wife ; upon which it was made to appear that he had a former wife still living.   To meet this, a decree of divorce in Vermont for desertion by the wife for three years, was produced.   But the court held the decree to be invalid, because the wife, who during all the time lived in Connecticut, which was their former home, had received no notice of the libel ; and also upon the ground that a decree procured by false and fraudulent suggestions that the wife had deserted him, when the libellant knew the contrary, was void.

If the purpose, however, be merely to revise the taxation of costs, and to show that there was error, but without showing fraud, we think such evidence would not be admissible.

The case does not find the character of the bond, except that it was

upon the condition to pay all such costs as the Company might recover against Susan M. Worster in the original suit.

The defendant's counsel says that it was given upon appeal. If so, the condition is in accordance with the law on that subject, which required security for the prosecution of the appeal, and the payment of the costs, which, in the final judgment, might be recovered against him. Act of July 14, 1855, ch. 1659, sec. 4. This is explicit, and was designed to cover all the costs.

The result is, that the exception as to the admission of proof of fraud is sustained, but the other, as to costs, is overruled.