EDMUND WARREN *vs.* INCREASE S. KIMBALL.

*Real action — evidence of fraudulent ante-dating writ on which defendant's title depends admissible under certain circumstances.*

In the trial of a real action where the plaintiff's title depends upon a deed of warranty from his grantor, acknowledged September 16th, and recorded Sept. 19, 1865; and the defendants, upon an attachment bearing date the 15th and recorded the 19th September, 1865, made on a writ in favor of the defendant against the plaintiff's grantor, bearing same date as the attachment,— it is competent for the plaintiff to show that the defendant's writ was not made on the 15th, but that the defendant having seen and examined the deed to the plaintiff, in the registry of deeds, on the 19th September, and thereby ascertained that the plaintiff's grantor had conveyed the demanded premises, thereafterwards, on the evening of the same day, made the writ and antedated it.

ON REPORT.

WRIT OF ENTRY to recover a parcel of land in Shapleigh, in this county.

The plaintiff put in, as evidence of his title, a deed of warranty

Warren *v.* Kimball.

of the demanded premises, from Greenleaf Webber, of Shapleigh, to him, not dated, but acknowledged September 16th, and recorded September 18, 1865.

The defendant put in, as evidence of his title, copy of a writ in his favor against said Webber, bearing date, Sept. 15, 1865, returnable to the January term, 1866, of this court.

On this writ was the return of Joseph G. Harmon as deputy-sheriff, bearing date Sept. 15, 1865, an attachment of all the real estate in the county, of Greenleaf Webber, and also that the officer left a summons, at the last and usual place of abode of the said Webber, on the 18th of same September.

That action was duly entered and continued until September term, 1866, when judgment was recovered thereon and execution issued and levied, in due form of law, upon the premises in controversy, within thirty days after judgment, and the same duly recorded.

The plaintiff offered evidence tending to prove that the writ in *Kimball* v. *Webber* was not made on the day it bore date, to wit, on Sept. 15, 1865, but that the defendant examined the plaintiff's deed in the registry of deeds, on Tuesday the 19th day of said September, and after thereby ascertaining that Webber had conveyed the demanded premises to the plaintiff, on the evening of the same 19th of September made the writ and ante-dated it to September 15th.

The presiding judge ruled that the officer's return on the writ was conclusive as to the date of the attachment, and excluded the evidence for the purpose of presenting the case to the full court. If the evidence offered and excluded was admissible, the case to stand for trial.

*Ira T. Drew*, for the plaintiff.

*I. S. Kimball*, pro se.

Between parties and privies the return of an officer of matters material to be returned, is so far conclusive that it cannot be controverted for the purpose of invalidating the officer's proceedings

or defeating any right acquired under them.   *Bott* v. *Burnham*, 11 Mass. 165; *Stevens* v. *Snow*, 10 Maine, 263; *Allen* v. *Portl. Stage Co.*, 18 Greenl. 211; *Agry* v. *Betts*, 12 Maine, 417; *Clough* v. *Munroe*, 34 N. H. 381; *Brown* v. *Davis*, 9 N. H. 76.

As to who is privy.   *Dickinson* v. *Lovell*, 35 N. H. 9; *Ladd* v. *Wiggin*, 35 N. H. 421.

APPLETON, C. J.   This is a writ of entry, in which the plaintiff claims title by deed.   The defendant derives his title under a levy in due form of law.   The execution upon which the levy was made issued upon a judgment, where the attachment in the original suit appears to be of a date prior to that of the plaintiff's deed.   As both parties claim under one Webber, and as the defendant's levy, being seasonably made, relates back to the date of the attachment, and thus is prior to the plaintiff's deed, the defense upon the facts as thus stated must prevail.

But the plaintiff offers to show that the writ in the suit, *Kimball* v. *Webber*, was made on the 19th September, 1865, and not on the 15th; that the defendant, after examining the plaintiff's deed and ascertaining that said Webber had conveyed the demanded premises to the plaintiff, made said writ on the evening of the 19th September, and ante-dated the same.   These facts, if proved, would show fraud on the part of the defendant, and that his apparently legal title was obtained solely by and through such fraud.

The plaintiff is no party to the suit of *Kimball* v. *Webber*. Neither is he privy in estate.   It seems to be settled that as between the parties to a suit, and those claiming under them as privies, and all others whose rights and liabilities are dependent upon the suit, as bail, and indorsers the return of the sheriff of matters material to be returned, is so far conclusive evidence that it cannot be contradicted for the purpose of invalidating the sheriff's proceedings or defeating rights acquired under them.   But such evidence is not conclusive as to third persons.   Fraud vitiates all contracts into which it enters, whether verbal or written, under seal or of record, and the principle applies equally to the records and judgments of

Warren *v.* Kimball.

courts. " That judgments, as well as other transactions, are vitiated by fraud," observes Bellows, J., in *Great Falls Manufacturing Co.* v. *Worster*, 45 N. H. 111, " is not open to controversy; Fermor's case, 3 Co. Rep. 77*a*; *Hoitt* v. *Holcomb*, 23 N. H. 554; but it is sometimes made a question in what manner it shall be taken advantage of. There is, however, no doubt that a judgment may be collaterally impeached by a third person not a party or privy to it, upon the ground that it was obtained by collusion with intent to defraud him." If a judgment be taken in a way to hinder, delay, or defraud other creditors of the debtor, the law pronounces such judgment fraudulent and void, as against such creditors. *Robinson* v. *Holt*, 39 N. H. 557; *Page* v. *Jewett*, 46 N. H. 441. When a judgment, fraudulently rendered between the parties, is brought collaterally before the court, it may be shown to be void for want of notice or for fraud. *Downs* v. *Fuller*, 2 Met. 138; *Leonard* v. *Bryant*, 11 Met. 370.

The plaintiff offers to show what, if proved, in a case in which he was no party and to which he was not a privy, would be a gross fraud on the part of the defendant. It is no sufficient answer for the fraudulent party to say, that the party whom he would have defrauded, may have a remedy against the officer, a partaker of his crime, and without whose coöperation it could not have been effected. There is no reason why his fraud should be successful, which does not apply to all frauds. The objection to the admission of the evidence offered is purely technical. But fraud is not to be suffered to remain safely and securely intrenched behind the mere technicalities of the law.

The true date of a writ may be shown, as between the parties to it. The apparent date is only *prima facie* evidence of the time when it was sued out. *Gardner* v. *Webber*, 17 Pick. 412; *Bunker* v. *Shed*, 8 Met. 153; *Sargent* v. *Hampden*, 38 Maine, 581; *Trafton* v. *Rogers*, 13 Maine, 315. The *teste* of a writ is *prima facie* evidence of the time when it was sued, but it is not conclusive; and the actual time when it was sued out and delivered to the officer, may be proved by parol evidence. *Parkman* v. *Crosby*, 16

Warren *v.* Kimball.

Pick. 297.   If the defendant has been guilty of fraud in procuring the title under which he claims, the plaintiff has the same right to show his fraudulent misconduct, whether it relates to the inception of the suit or the rendition of judgment.   He can set up no estoppel to prevent the truth from being known and his fraud from being defeated.

The evidence offered shows that the defendant had full knowledge of the plaintiff's title before suing out his writ against Webber.   The taking a second deed with a full knowledge of a prior unrecorded one is a fraud, which postpones the deed, as between the fraudulent grantee and the first grantee, though the second deed be first placed on record.   So an attachment of land previously deeded by one having actual knowledge of an elder deed of the same land, will not avail the attaching creditor to defeat the prior right of the first grantee.  *Porter* v.  *Cole,* 4  Greenl.  20 ; *Priest* v. *Rice,* 1 Pick. 164 ;  *Coffin* v.  *Ray,* 1 Met.  212.   But the grantee of real estate having notice of a prior unregistered deed, or other claim thereto, may, nevertheless, convey a perfect title to a *bona fide* purchaser having no notice of such deed or claim. *Pierce* v. *Faunce,* 47 Maine, 507.

The question here presented is whether evidence of knowledge of a previous deed, on the part of an attaching creditor, of the same land, and of a fraudulent antedating by him of the writ on which the attachment is made is admissible in a case by the party to be defrauded against the party by whom the alleged fraud is said to have been perpetrated,— and we think it is.   It would be a very different matter if the fraudulently attaching creditor had conveyed the land levied upon to a *bona fide* grantee, who should make his purchase relying upon the title disclosed by the record.

*The case to stand for trial.*

CUTTING, KENT, WALTON, DANFORTH, and BARROWS, JJ., concurred.