CASE 12—EQUITY—MARCH 1, 1883.

# Newby v. Cox.

APPEAL FROM MADISON CIRCUIT COURT.

1. A wife cannot make a conveyance of any interest in land, future or contingent, to her husband.
2. If such an attempt is made, and the husband, in consideration thereof, conveys land to the wife in lieu of it, the chancellor will annul the agreement at the instance of either party.

Newby v. Cox.

3. The husband may convey to the wife without the intervention of a trustee, but when a contract is made between them that is void as to the wife, the consideration moving from the husband will be restored to him.

T. J. SCOTT FOR APPELLANT.

1. The principle is clearly established that the wife may relinquish her inchoate dower to third persons in the manner prescribed by the statute, but a relinquishment directly to her husband is not binding upon her.

2. A *feme covert* can only dispose of her interest in land in the mode fixed by the statute. Without such conformity the act is void. (Kennedy v. Ten Broeck, 11 Bush, 241; 14 Barb., 536; Wells' Sep. Prop. Married Women, sec. 367.)

W. B. SMITH FOR APPELLEE.

There can be no doubt as to the fairness and equity of the contract between Newby and the appellant, his wife, and being made *bona fide*, and for a valuable consideration, it should be enforced. (Johnson's Chancery Reports, vol. 2, pp. 537, 539.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

John Newby died in Madison county, the owner of a small tract of land, leaving his widow and several children surviving him. A petition was filed in the county court of that county for a division of the land between his children, and the widow asserting her claim to dower that was contested by the children, the case was transferred to the circuit court, and there disposed of by denying to the widow her claim to dower in the premises.

The father of Mrs. Newby died, leaving two children, and they derived, by descent, a tract of land that was partitioned, and conveyances made. In the conveyance made to Mrs. Newby, it is recited that, as her husband had covenanted that the conveyance should be made to her of her interest in the land, that she relinquished her right to dower in his land, and he renounced his right to curtesy in her land. This agreement was not binding on either the husband or wife. The wife cannot make a conveyance of any

interest in land, future or contingent, to the husband; and if such an attempt is made, and the husband, in consideration therefor, transfers or conveys land in lieu of it to the wife, the chancellor would annul the agreement at the instance of either party. The husband may convey to the wife even without the intervention of a trustee, and it will be upheld in equity, whether based on a good or valuable consideration; but when a contract is made between the two that is void as to the wife, the consideration moving from the husband will be returned him. When the husband obtains the wife's estate upon a promise to invest it for her benefit, the chancellor will enforce it; and so where there is a devise to the widow in lieu of dower, or a conveyance in lieu of dower, the wife's right will be barred. (7 J. J. Marshall, 40; 2 Met., 137; 5 Dana, 349.)

In the first place, the wife, in the case before us, obtains nothing from the husband in consideration of the relinquishment made by her. If he had survived the wife, his claim to curtesy could have been enforced, because the promise to the wife that he would not assert it was a nullity. We know of no mode by which the wife can divest herself of dower, unless the husband has divested himself of the fee. She may be estopped to claim dower by having received its equivalent by will or deed, but we know of no case where, by a post-nuptial agreement made between husband and wife, in which they mutually agree to renounce all right of property to which they are or may be entitled by reason of the marital relation, the agreement has been held valid on the part of either the husband or the wife.

The cases referred to by counsel for the appellees are not in conflict with the doctrine recognized in this case. In the case of Livingston v. Livingston, 2 Johnson's Chancery Re-

Newby v. Cox.

ports, the husband, under a parol contract with his wife, agreed to purchase a lot in her name and build her a house upon it; and in consideration she agreed to sell another house, of which she was seized, and pay to him the proceeds to reimburse him in the expenditure made. That such an agreement was made, and that it was fair and just, was not questioned. The husband performed his part of the contract by purchasing the lot of ground and erecting the buildings, and had the conveyance made to the wife. The wife died before she complied, leaving children surviving, and the legal title to both lots descended to them.

Chancellor Kent held that the husband "had the clearest equity, either to have the house and lot first mentioned sold and the proceeds, or a part of them, paid over to him, or to have the second house and lot conveyed to him, on the ground of the failure of the contract by the sudden death of the wife."

This class of cases, when plain equities arise either in behalf of the wife or the husband, has no application to the case before us; and while in Livingston it is said "that a husband and wife may contract for a *bona fide* and valuable consideration for a transfer of property from him to her," it is plain that such a contract will not be enforced as against the wife, when she is willing to surrender what she has received under it. A court of equity, however, will not permit her to be invested with the title to the property of the husband under such a contract, and at the same time retain that which she had agreed to give as an equivalent for it. Here there was no provision for the wife, or settlement upon her nor the conveyance to her of any estate, and under the facts of the record, dower should have been assigned her. We are not here discussing the rights of the wife as a

*feme sole,* but in reference only to her general estate and her marital rights.

Judgment reversed, and cause remanded, with directions to have dower assigned the widow.