SEMPLE, Respondent, vs. LANGLADE COUNTY and others, Appellants.

*December 3, 1889 — January 7, 1890.*

*Taxation: Illegal assessment.*

Intentional violation of the law, by unfair and unequal valuations and arbitrary omissions of taxable property, is ground for setting aside an assessment and a sale for nonpayment of taxes thereunder, at the suit of one who is thereby required to pay more than his share of the taxes.

APPEAL from the Circuit Court for *Langlade* County. The opinion states the case.

For the appellants there was a brief by *G. L. Schintz,* district attorney, and *Lynch & Latta,* of counsel, and oral argument by *Thomas Lynch.*

*E. J. Goodrich,* for the respondent.

ORTON, J. This is a suit in equity to have the assessment and taxes on the lands of the plaintiff situated in the town of Rolling in Langlade county, and the sale thereof, declared illegal and void, and to have the certificates thereon canceled, on the ground of gross and intentional inequality, discrimination, and injustice in the valuation and assessment of said lands for the year 1883, and intentional violation and disregard of the statute relating thereto. This cause of action, as above stated, goes to the *groundwork* of

Semple vs. Langlade County and others.

the tax, but, besides this, certain irregularities in the taxation and sale are complained of. These irregularities are found by the court as facts, but are ignored in the conclusions of law as well as in the briefs and arguments of the counsel.

The court found that the plaintiff was a nonresident, and that a large majority of the residents and settlers of said town were homesteaders, under the laws of the United States, in 1883, and had made valuable improvements on their homestead lands, and that among them were the assessor and the other officers of said town; and that said assessor, in making his assessment for said year 1883, intentionally and unlawfully omitted and neglected to assess for that year any of the improvements so made on their homestead lands, and which they were then occupying, but merely valued and assessed the clearings thereon at a uniform value of two dollars per acre. The testimony showed that the aggregate of such cleared land on said homesteads was less than 200 acres, and the court found that such valuation was only one tenth or one eighth of the actual value of said improvements; and the testimony showed, further, that on about sixty of said homesteads there were valuable buildings and other improvements that thus entirely escaped any assessment whatever, among which were the homestead improvements of the assessor and the other town officers.

The court found, as a conclusion of law, that the assessment of the taxable property of said town and of the lands of the plaintiff for that year was made by the assessor in intentional disregard of law, and in violation of the statutes of the state providing for the assessment and taxation of improvements upon government homesteads, and that such illegality affects the assessment and groundwork of the tax levied and assessed upon all the taxable property in said town for the year 1883. The taxes levied and as-

sessed for that year, the sale of the plaintiff's lands there-for, and the certificates issued upon such sale, are declared illegal and void, and the order was duly entered staying all proceedings in this action until the reassessment of the taxable property of said town for that year can be made in pursuance of sec. 1210*b*, R. S. This appeal is taken from said order.

The above findings and conclusions of law are fully sustained by the evidence. These findings show that a very large proportion of the taxable property of this new town was intentionally omitted from the assessment roll of that year, and that the taxable property of the assessor himself, and of his fellow taxing officers, was also so intentionally and, it would seem, corruptly omitted. But, beyond the findings, the evidence appears to be that the plaintiff's lands were assessed far above their actual or market value, and higher than other deeded lands in said town. The plaintiff purchased them about one year before for one dollar per acre, and held them for sale at three dollars per acre, and sold some of them at that price, and they were wild and unimproved lands, and yet they were assessed at the uniform average rate of five dollars per acre. It would seem that there was a design on the part of the assessor to shield the resident tax-payers of the town from nearly all assessment and taxation, including himself and other taxing officers, and to impose an unfair and unequal burthen of taxation upon the plaintiff because he was a nonresident. This case presents a bold, intentional, and admitted violation of the law by the assessor in the valuation of the taxable property of said town, in the unfair and unequal assessment of the plaintiff's lands, and in the omission and exemption of taxable property from all assessment, most oppressive and unjust to the plaintiff.

The clerk of the town testified that the board of review had agreed that homestead improvements should be as-

sessed at the rate of two dollars per acre. The assessor testified that most of the settlers were homesteaders, and that he assessed their improvements at two dollars per acre, not on the basis of *actual value*, but by a fair valuation of the *use* of the property, and that this was understood by the board of review. The learned counsel of the appellant argues that these were honest and unintentional mistakes of the assessor. In view of the above testimony of the assessor himself, this was impossible. He intended to do this, and knew that it was not according to the law to do so.

The main argument of the learned counsel is that, after all, the plaintiff's property was not assessed more than it should have been, and that in equity he has no just cause of complaint. They say that the plaintiff escaped assessment on certain pine timber growing upon a small part of said lands. The land itself was assessed, and, of course, the timber upon and as a part of it was embraced in such assessment. There is no law for the separate assessment of timber upon lands. How is it possible to apportion to the plaintiff just what tax he ought to pay on the above *data?* How much should the homestead improvements bear of such taxation honestly assessed? Who can tell? They were not assessed. The *use* of a portion of the homestead lands was arbitrarily assessed at two dollars per acre. But the law does not provide for such an assessment. It provides for the valuation and assessment of homestead improvements as property, and that was not done. How much were they worth, what were they, and who owned them? These questions cannot be answered. By any showing, the plaintiff's lands were assessed higher than they should have been, and, by the assessor's intentional inequality in assessments and arbitrary omissions of taxable property, he is compelled to pay more than his share of the taxes. In view of the above facts, the county of Langlade and the other defendants are not in the condition to ask

that the plaintiff shall do equity, or to appeal to a court of conscience. It is true that, if the plaintiff is not required by the proceedings to pay more taxes than his just share, he ought not to complain. But this principle does not exculpate the defendants or the taxing officers for such bold, unjust, and intentional violations of the law. There was no lawful assessment of the taxable property of said town for the year 1883. The plaintiff has suffered wrong, and he ought to have relief. This case is clearly within the decisions of this court. *Weeks v. Milwaukee,* 10 Wis. 242; *Hersey v. Milwaukee Co.* 16 Wis. 185; *Smith v. Smith,* 19 Wis. 615; *Hersey v. Barron Co.* 37 Wis. 75; *Marsh v. Clark Co.* 42 Wis. 502; *Schettler v. Fort Howard,* 43 Wis. 48; *Johnston v. Oshkosh,* 65 Wis. 473; and many other cases.

*By the Court.*— The order of the circuit court is affirmed.