GERTRUDE P. STAPLES *vs.* W. CHARLES LITTLEFIELD.

York.      Opinion, June 26, 1933.

*Willard & Willard*, for plaintiff.
*Ray P. Hanscom,*
*Robert B. Seidel*, for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, JJ.

PATTANGALL, C. J. Exceptions to acceptance of report of Referees. Real action, plea general issue with brief statement disclaiming title to a portion of the premises declared upon. Referred under Sec. 94, Chap. 96, R. S. 1930, with right of exceptions reserved. Referees reported in favor of plaintiff. Defendant filed objections in writing to the acceptance of the report, in accordance with Rule XXI. Presiding Justice accepted report. Defendant's exceptions were filed and allowed.

Reports of Referees are only open to attack on certain definite lines and according to certain definite procedure. When cases are referred without conditions or limitations, Referees are final judges of both fact and law, in the absence of fraud, prejudice or mistake, and objections to their findings based on these grounds must be filed in writing before their report is accepted to entitle the aggrieved party to a hearing before this Court.

When cases are referred with the right of exception reserved as to matters of law, the same procedure is followed as to objections and the excepting party is confined to those specifically set out by him at *nisi prius*.

In the instant case, the right of exceptions was reserved and Rule XXI was complied with. Defendant is, therefore, properly before this Court to be heard on such matters as are put in issue by the objections filed by him.

The first of these is that there was no evidence before the Referees tending to establish plaintiff's contentions. This raises a question of law upon which plaintiff is entitled to be heard. The remaining objections relate entirely to alleged fraud, prejudice and misconduct on the part of the Referees. They are absolutely unsupported by evidence or reasonable inference. They do not demand serious consideration and may be summarily dismissed without discussion or analysis.

Returning to the first objection — the rule is too well established to require more than passing mention that if there is any evidence to support the findings of fact by Referees, exceptions will not lie. We are not, therefore, obliged to study the voluminous report of the evidence in this case for the purpose of ascertaining on which side the evidence preponderates or what testimony we regard as most entitled to credence. Questions of fact once settled by Referees, if their findings are supported by any evidence, are finally decided. They and they alone are the sole judges of the credibility of witnesses and the value of their testimony. The parties to this controversy submitted their cause to a tribunal of their own choosing. To it they entrusted, without limitation, the power to decide questions of fact. Having chosen to go to that tribunal, they cannot now be heard upon the merits of this Court so long as there was produced before the Referees any evidence upon which could be based a decision.

The case involved a dispute as to the location of a division line between the properties of the litigants. It required a study of various deeds. The location of certain monuments and the monuments themselves were described by several witnesses. Some of these monuments were still in existence. Surveyors testified as to measurements bearing upon the probable location of such of them as had

disappeared. Old plans were referred to. The Referees visited the locus, thus acquiring at first hand valuable information.

The parties were agreed as to one bound. Both made that the starting point of their surveys. The distance from that to the next bound was also agreed upon, but they disagreed as to the point to which the measurement carried them. In fact they were then approximately six feet apart, the respective lines representing two sides of a triangle eighty-eight feet long with a base of six feet. Proceeding to the next bound, they approached very nearly together at the terminus of a line about fifty-three feet in length. It will be seen then that the serious issue between the parties was the location of the second monument. Plaintiff contended that this bound was marked by an iron pipe. Defendant contended that it was marked by an iron hub. It was not claimed that either was an ancient landmark but that the one or the other replaced the original monument, the location of which was in dispute.

The evidence bearing upon this point was voluminous and conflicting. Regardless of the result which this Court might reach were the case before us on report, it is sufficient under the circumstances that the responsibility of deciding the controversy was, by voluntary act of the parties, placed upon the Referees who decided it, not without evidence but we assume in accordance with their best judgment after considering all of the evidence. We are without authority to reverse their decision.

*Exceptions overruled.*