MARY J. MORNEAULT

*vs.*

BOSTON & MAINE RAILROAD

Cumberland.   Opinion, August 15, 1949.

*Saul H. Sheriff*, for plaintiff.

*Hutchinson, Pierce, Atwood & Scribner,*
*Leonard A. Pierce, and Jotham D. Pierce*, for defendant.

SITTING: THAXTER, FELLOWS, MERRILL, NULTY, WILLIAM-
SON, JJ.

NULTY, J.   This case comes before us on exceptions to
the acceptance of the report of the referee, the parties hav-

ing agreed to refer this action with the right of exceptions as to matters of law reserved. The referee reported judgment for the plaintiff. The defendant filed objections in writing to the acceptance of the referee's report which objections were overruled and the report accepted and exceptions were allowed the defendant.

The record discloses that shortly after 9 o'clock in the evening of January 22, 1948, plaintiff and her daughter were at North Station, Boston, Massachusetts to board a train scheduled to leave at 9:30 o'clock that night for Portland, Maine. The makeup of the train was such that the two coaches in service were connecting cars. Coach passengers could enter the train by either the forward steps of the rear one of the two coaches or by the rear steps of the forward coach. One trainman was supervising the loading of passengers onto these two coaches by directing them up one or the other of these two sets of steps. Plaintiff and her daughter walked down the platform until they met the trainman standing at the foot of the forward steps of the rear coach and entered the train by those steps. The plaintiff was assisted onto the steps by the trainman and after the plaintiff and her daughter had reached the vestibule of the rear coach they noticed through the open door to the main part of the rear coach that this coach seemed full. Plaintiff's daughter preceded her mother across the passageway between the two cars and reached the door of the forward coach. Plaintiff followed and in crossing through the passageway between the two cars stumbled over a piece of luggage commonly known as a suitcase which was located for the most part in the rear vestibule of the forward car but which extended some distance into the passageway between the two cars. Plaintiff fell and claimed to have broken her wrist for which damage this action was brought.

Reports of referees are only open to attack on certain definite lines and according to certain definite procedure. When cases are referred with the right of exceptions re-

served as to matters of law, referees are final judges of fact in the absence of fraud, prejudice or mistake and the excepting party must comply with Rule XXI. In this case Rule XXI was complied with and defendant is, therefore, properly before this court to be heard on such matters as are put in issue by the objections filed by it. *Staples* v. *Littlefield,* 132 Me. 91; 167 Atl. 171; *Courtenay* v. *Gagne et als.,* 141 Me. 302; 43 Atl. (2nd) 817. The first two objections of the defendant assert that there was no evidence of probative value tending to establish the contention of the plaintiff. This raises a question of law upon which plaintiff is entitled to be heard. The rule is too well established in our State to require more than passing mention that if there is any evidence to support the findings of fact by referees, exceptions will not lie. *Staples* v. *Littlefield (supra), Wood* v. *Balzano,* 137 Me. 87; 15 Atl. (2nd) 188; *Bradford* v. *Davis,* 143 Me. 124; 56 Atl. (2nd) 68; *Paulsen* v. *Paulsen,* 143 Me. 416; 66 Atl. (2nd) 420. According to the record, the trainman, before the accident and during the period of the accident, was standing at the foot of the forward steps of the rear coach. From that position he assisted the plaintiff and her daughter up the forward steps of the rear coach. Almost immediately the plaintiff, preceded by her daughter, crossed the passageway to the forward coach and, according to her testimony, fell over the suitcase located by the plaintiff as mostly in the rear vestibule of the forward coach but projecting six inches into the passageway between the two coaches. It would have been impossible for the trainman to have had an unobstructed view of the passageway from his position. He, therefore, could not have seen the suitcase located as above described. No evidence was produced by the plaintiff as to how long the suitcase had been in the location described by the plaintiff and her witness. From aught that appears from the evidence, the suitcase may have been left by a passenger next preceding the plaintiff. Plaintiff in this case must prove negligence on the part of the railroad. The mere fact that plaintiff fell over a

suitcase in the passageway raises no presumption of negligence on the part of the employees of the railroad. *Pelerin* v. *International Paper Co.*, 96 Me. 388, 391; 52 Atl. 842, and cases cited, nor does the doctrine of *res ipsa loquitur* have any application for the suitcase was not shown to be under the exclusive control of the railroad. *Stinson* v. *Milwaukee L. S. & W. Ry. Co.*, 75 Wis. 381; 44 N. W. 748 (1890). See also *Ala. G. S. R. Co.* v. *Johnson*, 14 Ala. App. 558; 71 So. 620 (1914); *Burns* v. *Penna. R. R. Co.*, 233 Pa. 304; 82 Atl. 246; Ann. Cas. 1913B, 811.

The general rule of law in cases involving obstructions of aisles or platforms of railroads is stated in 10 Am. Jr., Section 1307:

> "The liability of a carrier for an injury to a passenger caused by the obstruction of a car aisle or platform by property of another passenger arises only in case the carrier has been negligent in permitting the obstruction. Ordinarily, the carrier is liable only where one of its employees in charge of the car knows of the obstruction in time to have it removed before it can cause injury or where the obstruction exists for such a length of time that an employee, in the proper discharge of his duties, should know of its presence."

The *Stinson* case *(supra)* contains language which very forcefully sets forth what evidence is necessary to prove negligence on the part of the railroad. The court in its opinion said (75 Wis. 381; 44 N. W. 749):

> "There may be a duty on the part of the employees of the Company to remove the personal baggage of passengers from the passageways of the cars, but, in order to make it their duty to act, there must be evidence showing, or at least tending to show, that such employees had notice of such obstruction being in the aisle or passageway, or that it had remained there so long before the accident, that, in a reasonably vigilant discharge of their duties, they could have discovered the obstruction before the accident happened and failed to remove it. The

evidence in the case shows that none of the employees of the Company were in the car at the time the accident happened, and, in the absence of any proof to the contrary, we must presume that the duty of the employees required them to be at some' other place while the train was at the station. All we have, therefore, is the one fact that, at the exact time of the accident, these satchels were in the aisle, and that the plaintiff fell over them and was injured. The personal baggage of passengers is not 'a thing under the management of the defendant and its servants,' within the meaning of the rule stated in the cases above cited; and it therefore becomes necessary for the plaintiff to show by other proof that the Company or its servants were guilty of some negligence or want of ordinary care in regard to these satchels. It seems very clear that there is no evidence tending to prove such negligence. There is no evidence showing or tending to show how long these satchels had been in the aisle."

In this case there is no evidence that any employee of the railroad had actual knowledge of the presence of the suitcase and no evidence as to how long the suitcase had been in the vestibule and passageway of the train before the alleged accident. The briefs of both parties aver that Massachusetts law governs this case and this State has adopted the Uniform Judicial Notice of Foreign Law Act, R. S., Chap. 100, Secs. 135-140, supplemented by R. S., Chap. 100, Sec. 141, recently interpreted in the case of *Strout, Admr.* v. *Charles M. Burgess,* 144 Me. 263; 68 Atl. (2nd) 241, and the law of Massachusetts in the case of *Jackson* v. *Boston Elevated Railway Company,* 217 Mass. 515; 105 N. E. 379, 380; 51 L. R. A. (N. S.) 1152, holds:

"The carrying of travelling bags or bundles by passengers is an ordinary incident of travelling and unless the carrier can be charged with reasonable notice that such articles are so placed as to become obstacles to the safe entrance or exit of passengers no neglect of duty is shown."

See *Lyons* v. *Boston Elevated Railway*, 204 Mass. 227; 90 N. E. 419, and cases cited; also, *Hotenbrink* v. *Boston Elevated Railway*, 211 Mass. 77; 97 N. E. 624; 39 L. R. A., N. S. 419. The law above set forth is applicable to both street cars and the cars of steam railroads, 19 A. L. R. 1372.

A careful examination of the record within which we are confined fails to disclose that the findings of fact by the Referee were supported by any evidence of probative value. *Staples* v. *Littlefield (supra)*. A mere scintilla of evidence is not sufficient. *Nason* v. *West,* 78 Me. 253; 3 A. 911. In the view we take of the instant case the plaintiff has not sustained the burden of proving that the defendant or its servants were negligent. It therefore follows that it was error to overrule the objections of the defendant to the acceptance of the Referee's report.

*Exceptions sustained.*