EMMA DUBIE
*vs.*
MAURICE A. BRANZ D/B/A
THE GUARDIAN FINANCE CO.

Cumberland.   Opinion, May 4, 1950.

*Saul H. Sheriff*, for plaintiff.

*Wilfred A. Hay,*
*Charles A. Pomeroy*, for defendant.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.

NULTY, J.   On exceptions to acceptance of report of referees awarding judgment for the plaintiff.

The record discloses that the plaintiff, Emma Dubie, early in May 1948 delivered her platinum ring set with a 1.25 carat diamond and 22 chip diamonds to one Albert F. Allen as security for $1,000 which he promised to advance and use to purchase for her certain oil leases, agreeing not

only that the advance should be paid from income from the leases which he assured her would begin the following June, but also that the ring would be kept in his safe deposit box at Brunswick until her payments were completed. It should be noted that Allen and his wife had for some months occupied a room in a tourist house on State Street in Portland, Maine, operated by the plaintiff. This pledge agreement was not reduced to writing and no receipt for the ring was given. On May 17, 1948, said Allen called upon the defendant, Maurice A. Branz, who conducted a small loan business in Portland under the name of Guardian Finance Co., exhibited the ring pledged to him by the plaintiff, stated that the ring belonged to his wife, that he needed money to carry on his antique business, that she had authorized him to use the ring as security, and borrowed $400 for which he gave his note payable in monthly installments of $40 with interest at 3% and pledged the ring as collateral security for the loan. The record further discloses that said Allen disappeared after this transaction and all search for his whereabouts have proved futile. The referees found as a fact that said Allen neither advanced or intended to advance any money for the plaintiff, Emma Dubie, to buy oil leases or for any other purpose and that his procurement of her ring from her and its sub-pledge to the defendant thereafter was clearly a fraud but that the defendant Branz was ignorant of the fraud and accepted delivery of the ring in pledge in good faith. About November 1st, not having received any payment on account of Allen's loan, the defendant Branz published notice of his intention to enforce his pledge of the ring by Allen in the Bridgton News, as required by statute, and of this publication the plaintiff subsequently was advised and she made demand for the ring on the defendant and he refused either to exhibit or surrender it, whereupon the plaintiff instituted the instant action of trover.

Exceptions based upon written objections must strictly comply with *Rule 21*, 129 Me. 511, 157 A. 859, *Staples* v. *Littlefield*, 132 Me. 91, 93, 167 A. 171. Defendant filed seven

written objections. Objection 4 cannot be considered because said objection does not in any way specify how or why the referees' conclusion with respect to the possession of the defendant of the plaintiff's ring is contrary to law. Objections 5, 6 and 7 are manifestly insufficient in that they are general and not specific and they cannot be considered. *Throumoulos* v. *First National Bank of Biddeford,* 132 Me. 232, 169 A. 307; *Moores* v. *The Inhabitants of the Town of Springfield,* 64 A. (2nd) 569, 573. Objections 1, 2 and 3 raise questions of law which under the rule of reference were properly reserved. Referees' findings of fact will not be disturbed provided there is any evidence to support the findings. *Staples* v. *Littlefield, supra; Morneault* v. *Boston & Maine R. R. Co.,* 144 Me. 300, 68 A. (2nd) 260.

It is the opinion of this court, after examination of the record not only that there was ample evidence to support the various findings of fact by the referees, but the inescapable conclusion reached by this court is that the referees would not have been warranted in arriving at any other conclusions. Such being the case, in accordance with the well established decisions of this court we hold that there was ample evidence to support the findings of fact and the conclusion of the referees and that said findings are conclusive and finally decided and exceptions do not lie. *Staples* v. *Littlefield, supra.* The defendant takes nothing under the first two objections.

The third objection also raises a question of law which will necessitate the determination of whether or not under the referees' conclusion said Allen was guilty of conversion of the diamond ring of the plaintiff. In *McPheters* v. *Page,* 83 Me. 234, 22 A. 101, this court said:

> "It is established as elementary law by well settled principles and a long line of decisions that any distinct act of dominion over property in denial of the owner's right, or inconsistent with it, amounts to conversion."

See also *Wyman* v. *The Carrabasset Hardwood Lumber Co.,* 121 Me. 271, 276, 116 A. 729. The referees ruled, and there was ample evidence to support their findings, that said Allen was guilty of conversion. The ruling was correct and said Allen, as a matter of law, never had legal possession of the plaintiff's ring. He acquired no special property or right of possession in the diamond ring which could be legally sub-pledged or transferred to the defendant. Said Allen never was a legal bailee or pledgee of property for a special purpose and his attempted sub-pledge to the defendant, although defendant acted in good faith and with reasonable care, was a nullity and said defendant never acquired any special property or even legal right of possession from said Allen. Legal right of possession or the right of special property in the article bailed or pledged cannot be acquired from a person who obtained possession of the article attempted to be pledged by fraud. Fraud is any cunning, deception or artifice used to circumvent, cheat or deceive another. *Great Northern Manufacturing Co.* v. *Brown,* 113 Me. 51, 53, 92 A. 993. Fraud vitiates all contracts into which it enters, verbal or written. *Warren* v. *Kimball,* 59 Me. 264, 266; *Stewart* v. *Winter,* 133 Me. 136, 139, 174 A. 456. In other words, when an alleged bailee or pledgee of property sells, transfers or assigns property obtained by fraud without right, the purchaser or sub-bailee or sub-pledgee does not thereby acquire a lawful title or lawful possession and the owner may maintain trover against the alleged purchaser or sub-bailee or sub-pledgee without demand. *Hotchkiss* v. *Hunt,* 49 Me. 213, 224. The defendant takes nothing under his third objection.

The action of the presiding justice in overruling the objections of the defendant was correct and the mandate will be

*Exceptions overruled.*