CONSTANCE O'BRIEN, PRO AMI
HAROLD G. O'BRIEN
*vs.*
MAE MARSTON

Androscoggin.    Opinion, July 15, 1950.

WILLIAMSON, J.   In this action heard by a referee the plaintiff recovered damages for the loss of a runaway horse which was struck and injured with resulting death by an automobile operated by the defendant.   The reference was made with right of exceptions as to questions of law reserved.   In the Superior Court objections duly filed by the defendant were overruled and the report was accepted.   The case is before us on exceptions to the acceptance of the report.

The single objection to the report was that the referee erred as a matter of law in ruling that the defendant was negligent in the operation and control of her automobile.   Accordingly the sole issue here presented is whether there is any evidence of probative value to support such ruling or finding.   If such evidence exists, exceptions do not lie. *Morneault* v. *Boston & M.R.R.,* 144 Me. 300, 68 A. (2nd) 260 (1949) and *Staples* v. *Littlefield,* 132 Me. 91, 167 A. 171 (1933).

In brief, the defendant observed some distance ahead at the top of a hill a runaway horse, "this horse which was loose," and several people of whom at least one, carrying a bucket of grain, was endeavoring to catch the horse.   Within seconds the accident took place on the defendant's right side of the traveled way.

The plaintiff, a girl ten years of age, and her father testified that the horse was standing still for an appreciable time before the accident.

The defendant, however, saw the matter differently. The horse approached her on-coming car in the ditch on her left side of the highway. She slowed down and then, assuming the horse would stay in the ditch, increased her speed. When she was about to pass, the horse bounded "as a deer would" into the path and within a car length of the automobile.

Distances from the point of observation of the runaway horse by the defendant to the top of the hill or the place of the accident are not material. Without question the defendant readily could have avoided the accident by stopping her car before the horse bounded into the highway, if such were the fact.

The referee in a report setting forth his findings of fact and rulings of law in detail said after noting the divergence of testimony:

> "It is an admitted fact, however, that the defendant did not stop her car, but proceeded, at a rate which she estimated was probably not over twenty miles per hour, and whichever side the horse was on, the distance between the horse and the car was lessening, and the horse was not under control."

The referee also found as follows:

> "The Referee further finds that the defendant, not realizing that her continued driving of her car was fraught with peril to herself, her car, and the runaway horse, the probabilities are that the horse would not be likely to rush into a stationary object, while the continuing advance of the car was apt to further excite it.
>
> The defendant was unwittingly, yet legally negligent in not stopping her car."

The defendant urges that the referee by use of the words "The defendant was unwittingly, yet legally negligent in not stopping her car." adopted the defendant's version of the accident.

In our view the report of the referee does not necessarily show that he accepted completely either the plaintiff's or

the defendant's version. Certainly he was not required to accept in full the evidence of either side. It is not surprising that witnesses, whom the referee may have believed to be equally truthful, did not agree upon the relative positions of the horse and automobile during the brief period of action. The defendant's version is most favorable to her contention and, if we assume for purposes of discussion that such were the facts, we may safely test the findings of the referee with no possibility of prejudice to the defendant.

On the basis of the defendant's version, the defendant says:

(1) That according to the rule laid down by the referee, it now becomes necessary for a motorist traveling the highway to stop whenever he sees an animal unattended, standing, or proceeding along the ditch in proximity to the highway; and

(2) That the defendant was not negligent as a matter of law because in this day and age there is no adequate reason for the defendant to reasonably anticipate that a horse, entirely off the road to the defendant's left, would suddenly cross the defendant's right of way.

The instant problem is that of a motorist, who insists upon attempting to pass an approaching runaway horse, although there is ample time and opportunity to stop and thereby avoid the accident. It was to this situation and none other that the referee applied familiar rules of negligence.

The defendant is in error in his statement of the rule applied by the referee.

The rule advanced by the defendant is too broad. It covers the case not of the runaway but of any horse.

Surely it cannot be said that a runaway horse does not present a danger to the motorist. It is common knowledge that the course of a runaway horse is unpredictable and that it may be further excited by a moving automobile. The

reasonably prudent man may well consider the possibility of the horse bounding into the highway from a ditch.

The referee found the defendant in failing to stop did not exercise the care of the reasonably prudent person under the circumstances. Assuming, as we have said, that the referee found the facts to be as the defendant contends, the evidence substantially supports his finding. There was no error in the acceptance of the report.

The entry will be:

*Exceptions overruled.*

*Clifford & Clifford,* for plaintiff.

*Robinson, Richardson & Leddy,* for defendant.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.