TREFFLE GASTONGUAY

*vs.*

JEAN M. MARQUIS

Androscoggin.   Opinion, July 17, 1950.

*Adrian A. Cote,*
*Irving Friedman,*
*Harris M. Isaacson,* for plaintiff.

*Clifford & Clifford,* for defendant.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.

THAXTER, J.   This is an action on a contract to recover for money expended for labor and materials and for other items of expense alleged to have been paid out by the plaintiff at the request of the defendant.   The defendant filed a

plea of the general issue and a plea of set-off for sums claimed to be due the defendant in the amount of $1,238.

The dispute arose out of a written contract entered into by the parties June 18, 1948. The plaintiff claims that the plea of set-off was improperly filed, the issue being only whether there was a breach of the contract. The referee found against the plaintiff on this issue and, if that question is properly before us on the objections filed by the plaintiff, we can see no error in the referee's ruling on this point.

The defendant had started to build a house on a lot owned by him in Lewiston but abandoned his undertaking and entered into a contract with the plaintiff under the terms of which the plaintiff would, as found by the referee who heard the case, complete the erection of the house, assume the bills for lumber and materials which had been delivered on the site, and all other bills and liabilities for the construction and would pay the defendant the sum of $2,665 for the real estate on or before November 1, 1948, or at the time the property should be sold. The bills and other items which the plaintiff agreed to pay were in addition to the purchase price of $2,665 which the referee found was not involved in this suit. This action was brought to recover the sum of $294.17 which was the amount the plaintiff claimed the defendant agreed orally to pay him for protecting the work which had already been done on the property. The referee found that there was no such oral contract proved and ruled against the plaintiff on this issue. On the counterclaim amounting to $1,238, the referee found for the defendant in the sum of $1,162.34.

To the acceptance of this report the plaintiff filed thirty-one objections. The report was, however, accepted by a justice of the Superior Court and the case is before us on exceptions to such ruling.

In agreeing to the rule of reference, the parties selected their own tribunal to hear this case. Under Rule XLII ex-

ceptions are allowed only on questions of law, and in bringing forward such questions there must be a strict compliance with the provisions of Rule XXI which requires that the objections to the acceptance of the report "shall be made in writing and filed with the clerk and shall set forth specifically the grounds of the objections, and these only shall be considered by the court." The objections, with the the possible exception of those numbered 12, 13, 14 and 24, are not specific but general. They do not raise an issue of law and cannot be considered. *Staples* v. *Littlefield,* 132 Me. 91; *Throumoulos* v. *First National Bank of Biddeford,* 132 Me. 232; *Moores* v. *Inhabitants of Town of Springfield,* 64 A. (2nd) 569, (Me. 1949) ; *Kennebunk, Kennebunkport & W. W. D.* v. *Maine Turnpike Authority,* 145 Me. 35, 71 A. (2nd) 520, (Me. 1950) ; *Dubie* v. *Branz,* 145 Me. 170, 72 A. (2nd) 219, (Me. 1950).

Objections 12, 13 and 14 are, if properly within the rule, valid only if we hold that the referee's interpretation of the contract between the parties was erroneous as a matter of law. But the evidence amply supports his construction. There was evidence to sustain the finding of the referee with reference to the allowance of the counter-claim. The 24th objection as well as all the others was properly overruled.

*Exceptions overruled.*