IRVING MCNALLY

*vs.*

F. P. RAY

Somerset.    Opinion, October 25, 1955.

*John B. Furbush,* for plaintiff.

*Dubord & Dubord,* for defendant.

SITTING: FELLOWS, C. J., WILLIAMSON, WEBBER, BELIVEAU, TAPLEY, CLARKE, JJ.

WILLIAMSON, J.   This action of assumpsit upon an account annexed for the balance of the purchase price of potatoes is before us on exceptions by the defendant to the acceptance of the Referee's report finding a balance due the plaintiff of $1562.50, plus interest and costs.

The several exceptions are based upon the written objections to acceptance of the report in the Superior Court. We are governed in our consideration of the case by the familiar rule that the decision of a referee stands when supported by any evidence. *Staples* v. *Littlefield,* 132 Me. 91, 167 A. 171 (1933).  In the objections and exceptions the defendant in each instance alleges there was no evidence to support the findings and conclusions of the referee. Thus he raises questions of law. In his brief the defendant submits that "the referees' decision as it is written shows that it must be

based on erroneous conclusions of law from undisputed facts."

The referee in his report found "that from the plaintiff the defendant purchased, received delivery of and became obligated to pay for seven hundred thirty (730) barrels of potatoes at $6.25 per barrel ($4562.50) ; that defendant has paid plaintiff $3000," leaving a balance of $1562.50.

The defendant's objections are that there was no evidence: (1) to establish the plaintiff's contentions; (2) that the defendant purchased, received delivery of and became obligated to pay for 730 barrels of potatoes; (3) that title passed to defendant; (4) that there was no breach of express warranty; (5) that there was no breach of implied warranties of merchantableness and conformity to description on the part of the plaintiff; and (6) to support the referee's finding.

The complaint of the defendant in essence is that the referee made his finding (objection 2) and in doing so found that title had passed to defendant and that there were no breaches of express or implied warranties (objections 3, 4, 5). The first and sixth objections raise the same issues in more general but sufficient language under the rule of *Staples* v. *Littlefield, supra.*

It is not necessary that we review the entire record. Briefly we find in the record evidence from which the referee could have found the following facts:

The plaintiff in October 1952 sold potatoes grown by him to the defendant at $6.25 a barrel. 833 barrels in good condition were delivered between the 23rd and 29th of October at defendant's potato house and were there stored by the defendant. Payment was due on completion of delivery.

The plaintiff told the men at the potato house that there was a "little field frost in (the last two loads). They looked at them and they said they would be all right."

The defendant paid the plaintiff $3000 shortly after delivery of the potatoes. On two or three occasions the plaintiff asked for the balance. The defendant indicated that the money was not available and again that "as soon as he could get rid of some of his own potatoes he was trying to load out he would pay me."

The defendant expressed no dissatisfaction with the potatoes until about the last of February. He then told the plaintiff that he did not think the potatoes would keep and that they were "breaking down." The plaintiff said that it was not his fault if the potatoes were not stored or cared for properly, and also that defendant did not have to keep them if he was not satisfied. To this statement the defendant made no reply.

The plaintiff at the time assisted the defendant in "racking" the potatoes. 730 barrels remained after this process was completed. There was evidence that the defendant in May "hauled out and dumped" all of the potatoes.

There is a conflict in the testimony of the plaintiff and the defendant. The latter's position is that on account of the possibility of frost damage he insisted on a guarantee from the plaintiff that they were free from frost, and in light of the condition of the potatoes never did accept them. After suit was brought he demanded that the plaintiff remove the potatoes, paying him twenty cents a barrel for storage and $200 for handling them.

The credibility of the witnesses is not for us to determine. It is sufficient for our purposes that there is "any evidence" to sustain the findings of the referee.

There is no dispute about the law of sales governing the transaction. See Uniform Sales Act, R. S., c. 185 (1954) and particularly §§ 12, 14, 15, 18, 19, 47, and 49, unchanged since R. S., c. 171 (1944). We conclude the referee properly could find that the sale was made as stated by the plain-

tiff and that it was the intention of the parties that the defendant should have an opportunity to inspect the potatoes before title passed, to the end that the amount and quality of the potatoes could then be ascertained, that the "racking" constituted the inspection intended, that 730 barrels of potatoes met the required specifications, and that title thereupon passed to the defendant.

The entry will be

*Exceptions overruled.*