WILLIAM SYLVESTER
*vs.*
WIDD TWADDLE

Oxford.   Opinion, August 6, 1957.

*Gordon M. Stewart,*
*George Keough,* for plaintiff.

*Henry H. Hastings,* for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, BELIVEAU, TAPLEY, SULLIVAN, DUBORD, JJ.

WILLIAMSON, C. J.    This action is before us on defendant's exceptions to the acceptance of a report of referees who, after hearing the case with right of exceptions in matters of law reserved, found for the plaintiff in the amount of $3400.

The six exceptions relate (1) to pleading and admissibility of evidence, and (2) to the sufficiency of the evidence.

The plaintiff's declaration consists of the common "money counts" with the addition of the following:

> "SPECIFICATION:—Under this count the Plaintiff will prove the aforesaid amount of thirty-four hundred dollars due from the said defendant to the said plaintiff by reason of a written agreement between the said plaintiff and defendant, by each of them signed, dated December 19, 1953."

The referees admitted in evidence, over the defendant's objection, the written contract mentioned in the specification.   The contract, which is the basis of plaintiff's claim, was an option to the plaintiff from the defendant owner to purchase before a given date certain described wood lots with a stated price for each, with the further provision that,

> "Any of the above six pieces or parcels of land can be purchased separately, and any trespass after date of this option, or unsettled before date of option, on any of these lots shall become property of owner of option when lot is purchased."

There is evidence in the record apart from the contract in substance as follows:

With the approval of plaintiff's father, the defendant received from the trespassers $3400 in settlement of the trespass stated in the contract.   The plaintiff, again through his father, paid the defendant $5200 for certain lots at the stated prices, and received a deed.   To obtain the deed the

father was compelled, so he says, to complete the purchase by payment of $5200 without credit for the $3400 received from the trespassers. The defendant refused to pay the $3400 to the plaintiff, and this action followed.

The fourth and fifth exceptions in which the plaintiff charges error by the referees (1) in ruling the declaration "set out a legal cause of action," and (2) "in admitting in evidence the contract or option relied upon by the plaintiff to prove his case," may for convenience be discussed together.

The "money count" is a proper vehicle to carry a claim arising from an express contract, fully performed by the plaintiff, on which nothing remains to be done but the payment of money by the defendant. *Holden Steam Mill* v. *Westervelt*, 67 Me. 446, 450; *Marshall* v. *Jones*, 11 Me. 56; Martin's Notes on Pleading, 6 Me. Law Rev. 139.

Obviously, under such circumstances the contract from which the claim springs forms an essential part of the plaintiff's case, and so is admissible in evidence. Proof must meet allegation; and so it does in this instance. Compare *Bartlett* v. *Chisholm*, 146 Me. 206, 79 A. (2nd) 167.

The defendant argues that under R. S., Chap. 113, Sec. 28, a reference to the contract in distinction from inclusion of the entire contract in the pleading is insufficient. The statute was designed, however, not to trap but to aid the pleader. Certain technical requirements in pleading breach of contract were removed or rendered nonessential thereby and they were not added to pleading under the "money counts." The pleading was sufficient, and the contract properly admitted in evidence.

A question of law is raised by the third exception, that there was "no evidence to support the finding." We have briefly reviewed the record above. The referees chose to believe the testimony offered by the plaintiff, and this they

were entitled to do. The evidence was substantial in character. The decision of the fact finder rested on evidence of probative value. *Staples* v. *Littlefield*, 132 Me. 91, 167 A. 171; *Morneault* v. *B. & M. R. R.*, 144 Me. 300, 68 A. (2nd) 260.

The remaining exceptions present no issues. The defendant says: in the first and second exceptions that the report is against the law and the evidence, and is against the law and the weight of the evidence; and in the sixth exception that the referees failed to consider that the burden was upon the plaintiff to prove his case by a fair preponderance of the evidence.

The distinction between a jury verdict and a referee's findings, and between a motion for new trial and exceptions to acceptance of a referee's report, have been discussed in many cases. Exceptions of the type noted have no value. *Inhabitants of Bethel* v. *Inhabitants of Hanover*, 151 Me. 318, 118 A. (2nd) 787, and case cited.

The entry will be

*Exceptions overruled.*